ROSE BLACK *vs.* SAMUEL W. BLACK. November 1, 1978. Since the record supports the jury verdict, there was no error in the judge's denial of the plaintiff's motion for a new trial. Although there was no objection to defense counsel's acting as trial counsel and witness, we take this occasion to repeat our disapproval of this practice. "In most cases, counsel cannot testify for their clients without subjecting themselves to just reprehension. But there may be cases in which they can do it, not only without dishonor, but in which it is their duty to do it. Such cases, however, are *rare*; and whenever they occur, they necessarily cause great pain to counsel of the right spirit" (emphasis supplied). *Kendall* v. *Atkins*, 374 Mass. 320, 323-324 (1978), quoting from *Potter* v. *Ware*, 1 Cush. 519, 524 (1848). See S.J.C. Rule 3 : 22, DR 5-101 (B), 359 Mass. 796, 814 (1972). The ethical problems raised by trial counsel acting as counsel and as a witness are most serious where, as here, counsel is an independent witness in a family dispute and the outcome of the case may well turn on his credibility.

In any event, judges should not permit this practice absent exceptional circumstances. Attorneys finding themselves in the position of trial counsel and witness should obtain substitute counsel well in advance of trial.

*Judgment affirmed.*

*John J. Murphy* for the plaintiff.
*Elihu Pearlman* for the defendant.