COMMONWEALTH *vs.* JOSEPH A. CONNARTON.

Middlesex. March 3, 1981. — June 25, 1981.

Present: HENNESSEY, C.J., BRAUCHER, LIACOS, ABRAMS, & NOLAN, JJ.

*Sex Offender.*

On finding a defendant to be a sexually dangerous person under G. L. c. 123A, § 6, a judge had no authority to commit him to the Southeastern Correctional Center at Bridgewater without the recommendation of the Department of Mental Health. [778-779]

PETITION for commitment filed in the Superior Court Department on November 13, 1979.

The case was heard by *Garrity,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Kevin C. McLean,* Assistant District Attorney, for the Commonwealth.

*Paul T. Sheils* for the defendant.

*Michael C. Donahue,* Special Assistant Attorney General, for Commissioner of Correction, amicus curiae, submitted a brief.

BRAUCHER, J. A judge of the Superior Court, in a proceeding under G. L. c. 123A, § 6, found that the defendant was a sexually dangerous person but was not treatable, and ordered him committed to the Southeastern Correctional Center at Bridgewater (correctional center). The Commonwealth appealed, arguing that such a disposition was not authorized unless recommended by the Department of Mental Health. We transferred the case to this court on our own motion, and we uphold the position of the Commonwealth.

The defendant was convicted in 1978 of carnal abuse, indecent assault and battery on a child under fourteen, and lewd and lascivious behavior, and was sentenced to the Massachusetts Correctional Institution, Walpole. In 1979 he was transferred to the correctional center and later committed for sixty days' observation to the treatment center at the Massachusetts Correctional Institution, Bridgewater. A report by two psychiatrists was filed, the Commonwealth filed a petition for commitment under G. L. c. 123A, § 6, and a hearing was held in 1980. The disposition made was suggested by defense counsel, and the defendant now contends that the order of commitment should be affirmed.

Upon a finding that the defendant is a sexually dangerous person, § 6 authorizes any one of four dispositions.[1] See *Commonwealth* v. *Knowlton*, 378 Mass. 479, 486 (1979); *Commonwealth* v. *Rodriguez*, 376 Mass. 632, 645-646 (1978); *Commonwealth* v. *Travis*, 372 Mass. 238, 247 n.4 (1977); *Commonwealth* v. *Bladsa*, 362 Mass. 539, 542 (1972); *Newton, petitioner*, 357 Mass. 346, 351-353 (1970); McGarry & Cotton, A Study in Civil Commitment: The Massachusetts Sexually Dangerous Persons Act, 6 Harv. J. Legis. 263, 282-283 (1969). The judge purported to act under the fourth alternative, "such other disposition . . . consistent with the purposes [*sic*] of treatment and rehabilitation," eliding the important statutory limitation "upon the recommendation of the department of mental health" and explaining that "because he is untreatable it is consistent with treatment that he not be sent to the Treatment Center at Bridgewater."

---

[1] General Laws c. 123A, § 6, as amended through St. 1978, c. 478, § 72, provides in pertinent part: "If the court finds that such prisoner is a sexually dangerous person, it shall commit him to the center, or a branch thereof, for an indeterminate period of a minimum of one day and a maximum of such person's natural life, for the purpose of treatment and rehabilitation, or it may commit such person to a mental institution or place him upon outpatient treatment, or make such other disposition upon the recommendation of the department of mental health consistent with the purpose of treatment and rehabilitation."

That disposition was not authorized without the recommendation of the Department of Mental Health, and there was no such recommendation. The two examining psychiatrists reported that they did not recommend commitment to the treatment center, and added, "We suggest that he be re-evaluated when he becomes eligible for parole." That falls short of a recommendation of the commitment made by the judge, and in any event they did not purport to speak for the Department. Hence the disposition was not authorized. We do not consider whether the Department could properly recommend such a disposition.

The order appealed from is reversed, and the case is remanded to the Superior Court for appropriate disposition under G. L. c. 123A, § 6.

*So ordered.*