## ROBERT I. SERODY vs. JUDITH G. SERODY.

Middlesex.   December 18, 1984. — February 27, 1985.

Present: BROWN, KASS, & FINE, JJ.

*Attorney at Law,* Withdrawal. *Witness,* Attorney as witness. *Law of the Case.* Practice, *Civil,* Reconsideration of issue, Judicial discretion.

Where the husband's attorney in a proceeding for modification of a divorce judgment had given notice that he intended to call the wife's attorney as a witness, it was within the discretion of the judge to require the wife's attorney to withdraw from the case, even though two other judges had previously refused to do so. [412]

Where the husband's attorney in a proceeding for modification of a divorce judgment had given notice that he intended to call the wife's attorney as a witness, where the testimony sought from the wife's attorney appeared to be relevant to the issues raised in the proceeding, and where the prospective testimony was likely to be prejudicial to the wife, the judge did not abuse his discretion in requiring the wife's attorney to withdraw from the case. [412-415]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on October 6, 1980.

After a complaint for modification was filed on January 14, 1983, an interlocutory order was reported by *James M. Sweeney,* J.

*David E. Neitlich* for the defendant.
*Jon H. Kurland* for the plaintiff.

KASS, J. On his own motion, a Probate Court judge struck the appearance of the defendant-wife's lawyer, Mr. David E. Neitlich, because the plaintiff-husband's lawyer had timely given notice that he intended to call Mr. Neitlich as a witness for the purpose of receiving testimony prejudicial to the wife, Mr. Neitlich's client. That is, the judge foresaw a transgression against S.J.C. Rule 3:07, DR 5-102(B), as appearing in 382 Mass. 780 (1981). At Mr. Neitlich's request, the judge reported his interlocutory

order to us under G. L. c. 215, § 13. See also Mass. R.Dom.Rel.P. 64 (1975). See generally *Borman* v. *Borman*, 378 Mass. 775, 779-781 (1979).

1. *Law of the case.* It was of no consequence that two other Probate Court judges had previously declined, on the husband's motion, to strike Mr. Neitlich's appearance.[1] "Though there is no duty to reconsider a case, an issue, or a question of fact or law, once decided, the power to do so remains in the court until final judgment. . . ." *Peterson* v. *Hopson*, 306 Mass. 597, 601 (1940). It does not matter that a different judge heard the question before. A judge should be reluctant to undo the work of another judge, but until final judgment there is no lack of power to do so. *Id.* at 603. See also *Salter* v. *Scott*, 363 Mass. 396, 401-402 (1973); *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham*, 3 Mass. App. Ct. 446, 457 (1975).

2. *Disqualification of counsel.* With his order striking Mr. Neitlich's appearance, the judge filed findings of fact. The husband's lawyer, the judge found, had put Mr. Neitlich on notice that he would call him as a witness. He proposed to do so to probe the husband's allegation that Mr. Neitlich had acted for both husband and wife in the negotiation of a property settlement which accompanied the divorce. The husband's counsel further wished to probe whether, as the husband alleged, he and the wife had given Mr. Neitlich their financial information so that Mr. Neitlich might draw a separation agreement on behalf of both parties. The husband, in connection with his complaint for modification, further alleged that the separation agreement was unconscionable, particularly in that Mr. Neitlich failed to advise him of certain assets held by the wife. The targets of the husband's intended exploration might be thought tangential to modification of a judgment for alimony or child support, which depends upon a showing of a material change of circumstances since the earlier judgment, *Schuler* v.

---

[1] At the stage of the proceedings when the judge acted sua sponte to strike Mr. Neitlich's appearance, plaintiff's counsel was no longer pressing for Mr. Neitlich's disqualification.

*Schuler*, 382 Mass. 366, 368 (1981). Yet the areas of inquiry bore on what those original circumstances actually were.

*Borman* v. *Borman*, 378 Mass. at 787-791, sounds a cautionary note about judicial disqualification of counsel. The court favored deference to the best judgment of counsel and client. *Id.* at 790-791. Disciplinary Rule 5-102 will itself have a regulatory effect. *Id.* at 788. The matter lies differently, however, if the testimony sought by an opponent is likely to be prejudicial to the client of the lawyer-witness. In such an instance, withdrawal of the lawyer-witness is appropriate, as DR 5-102(B) says, and the case for judicial intervention is more powerful.

Perhaps the paradigm for compelled withdrawal of counsel is when a lawyer gives testimony against his client. Wigmore had little doubt on this score and a source he cited had less: "Mr. Solicitor, to his eternal disgrace, and to the eternal disgrace of the Court who permitted such an outrage on decency, left the bar and presented himself as a witness for the Crown." 6 Wigmore, Evidence § 1911, at 773-774 & n.2 (Chadbourn rev. 1976), quoting 2 Campbell, Lives of the Lord Chancellors 61 (4th ed. 1856). Mr. Neitlich's situation is not likely to result in infamy as dark because he is not "presenting himself" as a witness for his client's adversary. The practical consequences for the client of her lawyer's being called by that adversary, however, may be as bad, in that Mr. Neitlich's testimony could be damaging to his client's cause.

If testifying for a client will "necessarily cause great pain to counsel of the right spirit," *Potter* v. *Ware*, 1 Cush. 519, 524 (1848),[2] the conflict of function is still less tolerable if there is risk that the lawyer's testimony will be directed against the client. "The ethical problems . . . are most serious where . . . the outcome of the case may well turn on [the lawyer's] credibility." *Black* v. *Black*, 376 Mass. 929 (1978). That is exactly the difficulty in the instant case. An issue in the underlying proceeding is whether the husband relied on Mr. Neitlich

---

[2] For less pungent expressions of the same sentiment see Committee on Ethics and Professional Responsibility, American Bar Association, Formal Opinion 339 (Jan. 31, 1975); Massachusetts Bar Association, Opinion No. 76-22, 61 Mass.L.Q. 233 (1977).

when the original separation agreement was entered into and whether Mr. Neitlich told him everything Mr. Neitlich knew about the wife's assets. If Mr. Neitlich stays in the case as the wife's counsel, his testimony, however truthful it may be, will be less credible if it comes from the mouth of the wife's advocate. See Developments in the Law — Conflicts of Interest in the Legal Profession, 94 Harv.L.Rev. 1244, 1290 (1981). To the extent adroit questioning extracts testimony from Mr. Neitlich which is damaging to the wife, Mr. Neitlich, if allowed to stay in the case as counsel, will have a difficult time cross-examining himself. If Mr. Neitlich's testimony is to be discredited, the wife will need an independent lawyer to do the discrediting.

Commentators and the cases have remarked on the adverse effect upon the judicial process in the public mind of having lawyers leave counsel table for the witness chair. See *Borman* v. *Borman*, 378 Mass. at 786; *United States ex rel. Sheldon Elec. Co.* v. *Blackhawk Heating & Plumbing Co.*, 423 F. Supp. 486, 489-490 (S.D. N.Y. 1976); 6 Wigmore, *supra* § 1911, at 775-776; Developments in the Law, *supra* at 1290.

Public cynicism, however, is not likely to be diminished by calling upon the testimony of opposing counsel to maneuver his withdrawal and to that degree unsettle the adversary. It is a practice which, regrettably, holds high fashion. See *Kendall* v. *Atkins*, 374 Mass. 320, 324 (1978); *United States ex rel. Sheldon Elec. Co.* v. *Blackhawk Heating & Plumbing Co.*, 423 F. Supp. at 490. *Freeman* v. *Kulicke & Soffa Indus., Inc.*, 449 F. Supp. 974, 977-978 (E.D.Pa. 1978). There will almost certainly be expense to a party attendant on ringing in new counsel, as well as the deprivation of counsel of choice. A judge needs to be alert that the Canons of Ethics are not brandished for tactical advantage. If, therefore, the evidence sought from opposing counsel could as easily be adduced through others, or the lawyer's testimony would be merely cumulative or marginally relevant, it may be desirable to exclude the proffered evidence or to admit the evidence and let the lawyer-witness stay in the case. Cf. *Freeman* v. *Kulicke & Soffa Indus., Inc.*, 449 F. Supp. at 997-998.

In the case at bar it is not apparent that the motive of plaintiff's counsel in seeking Mr. Neitlich's testimony is other than to inquire whether he had advised the plaintiff in connection with his divorce, what he knew about the plaintiff's financial situation and how he came to know it, and what he had told the plaintiff about the defendant's assets. Those areas of inquiry, as we have indicated, were more than peripheral to the plaintiff's complaint for modification. They would help to define the circumstances of the parties at the time of the judgment and would bear on how much weight ought to be given by the judge to the parties' separation agreement. The need for disqualification is greatest where the lawyer is most intimately involved in the events at issue. *Black* v. *Black*, 376 Mass. at 929. Cf. *MacArthur* v. *Bank of New York*, 524 F. Supp. 1205, 1209 (S.D.N.Y. 1981). That is when prejudice to the client from the lawyer's testimony is most likely, perhaps even apparent. In such circumstances it is appropriate for the trial judge to require the withdrawal of counsel. See *Black* v. *Black, supra; Borman* v. *Borman*, 378 Mass. at 788, 792. Sizing up the potential for prejudice in a particular case and the degree of that prejudice involves exercise of discretion by the trial judge. We find no fault with the manner in which the judge exercised his discretion in this case. Compare *Holbrook* v. *Seagrave*, 228 Mass. 26, 29 (1917), with *Black* v. *Black, supra* and *W. T. Grant Co.* v. *Haines*, 531 F.2d 671, 676 (2d Cir. 1976).

The order striking the appearance of Mr. Neitlich as counsel for Judith G. Serody is affirmed.

*So ordered.*