EDWARD J. BYRNES *vs.* MARGUERITE JAMITKOWSKI
& others[1].

No. 90-P-428.

Suffolk. June 15, 1990. - July 31, 1990.

Present: WARNER, C.J., BROWN, & IRELAND, JJ.

*Attorney at Law*, Attorney as witness, Disqualification. *Witness*, Attorney
as witness.

In a civil action, the record did not supply a basis for the judge's order
disqualifying the defendants' attorney on the ground that he "ought to
be called as a witness on behalf of his client," (S.J.C. Rule 3:07, DR 5-
101 & 5-102, 382 Mass. 779-780 [1981]). [109-110]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 7, 1989.

A motion for disqualification of counsel was heard by *Guy
Volterra*, J.

*Thomas R. Murtagh* for the defendants.
*John J. McGlynn, Jr.*, for the plaintiff.

IRELAND, J. The sole issue before us is the propriety of the
allowance by a Superior Court judge of the plaintiff's motion
to disqualify the defendants' counsel pursuant to S.J.C. Rule
3:07, DR 5-101 & 5-102, 382 Mass. 779-780 (1981).[2] See

---

[1] Walter Jamitkowski and Undercoverwear, Inc.

[2] "DR 5-101.   Refusing Employment When the Interests of the Lawyer
                 May Impair His Independent Professional Judgment:

"(A)   Except with the consent of his client after full disclosure, a law-
       yer shall not accept employment if the exercise of his profes-
       sional judgment on behalf of his client will be or reasonably may
       be affected by his own financial, business, property, or personal
       interests.

"(B)   A lawyer shall not accept employment in contemplated or pend-
       ing litigation if he knows or it is obvious that he or a lawyer in
       his firm ought to be called as a witness, except that he may un-

Superior Court Rule 12 (1974). The plaintiff filed a two-count complaint against the defendants. Count I alleged that the plaintiff was wrongfully discharged as an employee of the defendants. Count II alleged that, following the discharge, the parties orally agreed to a severance agreement which the defendants then violated. The defendants' answer to the complaint included an affirmative defense and a counterclaim, essentially alleging that the parties had reached a settlement agreement which the plaintiff now refuses to honor. More specifically, the defendants claimed that Mr. Earle C. Cooley, then counsel for the plaintiff, communicated to the defendants through their counsel, Mr. R. Robert Popeo, a specific offer to settle the dispute, and that Mr. Popeo then notified Mr. Cooley of the defendants' acceptance of the plaintiff's settlement offer. The defendants further asserted, however, that five days later Mr. Cooley informed Mr. Popeo

---

dertake the employment and he or a lawyer in his firm may testify:
  (1)  If the testimony will relate solely to an uncontested matter.
  (2)  If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
  (3)  If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
  (4)  As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

DR 5-102. Withdrawal as Counsel When the Lawyer Becomes a Witness:
  "(A)  If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B), (1) through (4).
  "(B)  If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

that the plaintiff would not honor the settlement agreement and instead demanded that the defendants accept new and less favorable terms. The plaintiff denied the defendants' allegations and soon thereafter filed a motion to disqualify Mr. Popeo and his law firm from representing the defendants. Appended to the motion was the plaintiff's affidavit in which he stated that Mr. Cooley was never authorized to offer or accept any settlement agreement. Concluding that Mr. Popeo "ought to be called as a witness on behalf of his client," and that none of the exceptions of DR 5-101(B) applied, a Superior Court judge allowed the motion. We vacate that order.[3]

Disciplinary Rule 5-102(A) provides that, subject to certain exceptions, a lawyer (and any member of his law firm) who learns that he "ought to be called as a witness on behalf of his client . . . shall withdraw from the conduct of the trial." Note 2, *supra.* Ever since the case of *Borman* v. *Borman*, 378 Mass. 775 (1979), the appellate courts of this Commonwealth have attempted to explicate the bare language of this rule. This has been particularly necessary because of the repeated use of a disqualification motion as a litigation tactic. The plaintiff in the present case argues, and the judge agreed, that Mr. Popeo "is a key player in this conflict and it is obvious that he, or a lawyer in his firm, ought to be called as a witness on behalf of his client." *Borman*, however, requires more searching inquiry. Disqualification is not required in every case in which counsel could give testimony on behalf of his client on other than formal or uncontested matters. We must look to whether the attorney is likely to "withhold crucial testimony from his client because he prefers to continue as counsel," *Borman*, 378 Mass. at 790, to determine if the "continued participation as counsel taints the legal system or the trial of the cause before it." *Id.*

---

[3]An order disqualifying counsel is the type of interlocutory order which, although not determinative of the controversy, is nevertheless immediately appealable if it involves issues collateral to the basic controversy and any appeal from a dispositive judgment would not likely protect the client's interests. *Borman* v. *Borman*, 378 Mass. 775, 779-780 (1979). *Gorovitz v. Planning Bd. of Nantucket*, 394 Mass. 246, 248 n.5 (1985). *Maddocks* v. *Ricker*, 403 Mass. 592, 597-600 (1988).

at 788. In sum, *Borman* "sounds a cautionary note about judicial disqualification of counsel." *Serody* v. *Serody*, 19 Mass. App. Ct. 411, 413 (1985). See also *Gorovitz* v. *Planning Bd. of Nantucket*, 394 Mass. at 250.

Upon review of the sparse record as it stands now (there has been no discovery), we conclude that the disqualification order was either unnecessary or premature. See *Borman*, 378 at 791. The plaintiff's affidavit only brings into issue whether Mr. Cooley had authority to bind his client to a settlement agreement. It is not clear, at this point, whether the existence of the settlement agreement, or its terms, are actually in dispute. If they are not, there is no basis for disqualifying Mr. Popeo. He could give no relevant testimony as to Mr. Cooley's authority. Cf. *Black* v. *Black*, 376 Mass. 929 (1978). If through discovery it should become clear that the agreement or its terms are in dispute, and the defendants cannot support their claim without their attorney's testimony, that will be the time to take appropriate action. We "defer to the best judgment of counsel and his client[s]" until such time as an "intention to forgo the testimony of counsel appears obviously contrary to the client[s'] interests." *Borman* v. *Borman*, 378 Mass. at 790-791. *Mendel Kern, Inc.* v. *Workshop Inc.*, 400 Mass. 277, 281 (1987). See also *Wellman* v. *Willis*, 400 Mass. 494, 502 (1987).

*Order of disqualification*
*reversed.*