**IMPERIAL CASUALTY AND INDEMNITY COMPANY, Plaintiff,**

v.

**TOWN OF AYER, Defendant.**

**Civ. A. No. 90–12431–N.**

United States District Court, D. Massachusetts.

Dec. 10, 1991.

Frank A. Smith, III, Gallagher & Gallagher, Boston, Mass., Philip J. MacCarthy, Worcester, Mass., for plaintiff.

Robert W. Gardner, Jr., Gardner & Brown, Ayer, Mass., for defendant.

Michael Hays, Schapiro Hays & Kelly, P.C., Boston, Mass., for Christopher Deforge and Jane Deforge Robbins.

## ORDER

MAZZONE, District Judge.

Report and Recommendation is affirmed and adopted as an Order of this Court.

REPORT AND RECOMMENDATION RE: MOTION TO STRIKE AND DISMISS (DOCKET ENTRY # 2) AND MOTION OF PLAINTIFF, IMPERIAL CASUALTY AND INDEMNITY COMPANY, TO DISQUALIFY ROBERT W. GARDNER, JR. AS DEFENDANT'S COUNSEL (DOCKET ENTRY # 5)

January 24, 1991

MARIANNE B. BOWLER, United States Magistrate Judge.

Defendant filed a Motion to Strike and Dismiss (Docket Entry # 2) on October 19, 1990. Defendant bases its motion on the fact that the claims asserted by the plaintiff in this action form the basis for a compulsory counterclaim in a state court action brought against the plaintiff in Middlesex Superior Court of the Commonwealth of Massachusetts. Plaintiff opposed the defendant's motion, asserting that it is unfounded. (Docket Entry ## 3 and 4).

The Motion of Plaintiff, Imperial Casualty and Indemnity Company, to Disqualify Robert W. Gardner, Jr. as Defendant's Counsel (Docket Entry # 5) was filed on October 30, 1990. Plaintiff bases this motion upon the assertion that the defendant's attorney, Robert W. Gardner, Jr. ("Gardner") will be called as a witness in this action. Defendant opposed the plaintiff's motion, asserting that the testimony will concern an uncontested matter. Defendant also argues that the disqualification of Gardner would result in great prejudice to the defendant. This court held a hearing concerning these two motions on December 3, 1990.

## BACKGROUND

Plaintiff, Imperial Casualty and Indemnity Company ("Imperial") brought this breach of contract action against the defendant Town of Ayer ("Ayer") in this court based upon diversity jurisdiction. (Docket Entry # 1, ¶ 1). Imperial alleges that Ayer breached its contract for law enforcement with Imperial when it failed to give notice of settlement opportunities in two state actions brought against an Ayer police officer and the Town of Ayer. (*Id.* at ¶¶ 16; 19; and 55).[1]

Ayer subsequently filed a complaint for a declaratory judgment against Imperial concerning coverage of the incidents that formed the basis for the previously referenced state court action in Middlesex Superior Court in September of 1987. (Docket Entry # 1, ¶ 24; and # 2, attached Exhibit). Imperial filed an answer in the declaratory judgment action in November of 1987. (Docket Entry # 1, ¶ 26). The Crowley litigation was subsequently settled, and an agreement for judgment was filed in the Middlesex Superior Court on June 20, 1989. (*Id.* at ¶ 41). The Deforge litigation was also settled, and a stipulation of dismissal was entered on that action in June of 1990. (*Id.* at ¶¶ 45–48). The rights under the Law Enforcement Policy issued by Imperial were assigned to one of the plaintiffs in the Deforge action as part of the settlement negotiations, and the settlement included payment by Imperial of one million dollars as the insurer of Ayer. (*Id.* at ¶¶ 47–49).

---

1. The litigation against Ayer in the state court consisted of two actions filed in Middlesex Superior Court: (1) Civil Action No. 86–3147 ("the Crowley litigation"); and (2) Civil Action No. 86–7060 ("the Deforge litigation"). (Docket Entry # 1, ¶¶ 16 and 19).

Imperial claims that it was never informed of the ongoing settlement negotiations in the Deforge litigation and that the parties who executed the settlement agreement lacked the authority to bind Imperial. (*Id.* at ¶¶ 50 and 52–57). Imperial further submits that Ayer breached its duty of cooperation to Imperial enumerated in the contract between the parties in failing to give notice of the settlement opportunities to Imperial. (*Id.*).

## I. *Motion to Strike and Dismiss (Docket Entry # 2)*

■ Defendant asserts Fed.R.Civ.P. 13(a) in support of its Motion to Strike and Dismiss.[2] Fed.R.Civ.P. 13(a) provides, in pertinent part:

A pleading shall state as a counterclaim any claim *which at the time of serving the pleading the pleader has against the opposing party,* if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed.R.Civ.P. 13(a) (emphasis added). Defendant apparently contends that the claim for breach of contract alleged by the plaintiff in this action could have and should have been brought as a counterclaim in the declaratory judgment action in Middlesex Superior Court.

It is, however, "clearly established that [a] party need not assert a counterclaim that has not matured at the time he serves his pleading." *Boston and Maine Corp. v. United Transp. Union,* 110 F.R.D. 322, 327 (D.Mass.1986). The declaratory judgment action at issue in the present motion was filed in September of 1987, and the defendant filed its answer in that action on November 20, 1987. (Docket Entry # 1, ¶¶ 24 and 26). Neither the Crowley litiga-

tion nor the Deforge litigation was settled until approximately June of 1990. (*Id.* at ¶¶ 41 and 45–48). Accordingly, the claim that forms the basis of this action, the alleged breach of the insurance contract via the settlement negotiations, did not arise until a time subsequent to the time by which the defendant was required to file an answer in the declaratory judgment action.

Imperial's breach of contract claim asserted in this action cannot, therefore, be considered a compulsory counterclaim to the claims asserted by Ayer in the declaratory judgment action. As a result, the case may not be dismissed by virtue of rule 13(a).

It is, therefore, the RECOMMENDATION of this court that the defendant's motion to dismiss for failure to comply with Fed.R.Civ.P. 13(a) be DENIED. The defendant should, accordingly, file an answer to the plaintiff's complaint forthwith.

With respect to the plaintiff's request that Fed.R.Civ.P. 11 costs be assessed against the defendant, the court is obligated to apply an objective standard, and impose sanctions

when it appears that a pleading has been interposed for any improper purpose, *or where,* after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and warranted by existing law or a good argument for the extension, modification or reversal of existing law.

*Lancellotti v. Honorable Thomas F. Fay,* 909 F.2d 15, 19 (1st Cir.1990); *see Garrison v. Merced,* C.A. No. 89–13–MC, 1989 WL 90438 (D.Mass. July 31, 1989), *aff'd,* 893 F.2d 1327 (1st Cir.1989) (applying objective standard of reasonableness under circumstances). This court is not convinced that

---

**2.** This court first notes that the Middlesex Superior Court would apply the Massachusetts Rules of Civil Procedure in determining the nature of the alleged counterclaim. This court further notes, however, that for purposes of this motion, Mass.R.Civ.P. 13(a) provides very similar language with respect to the maturity of a compulsory counterclaim. That rule states, in pertinent part:

A pleading shall state as a counterclaim any claim for relief the court has power to give *which at the time of serving the pleading the pleader has against any opposing party,* if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim.

Mass.R.Civ.P. 13(a) (emphasis added).

the defendant flouted its duty of reasonable inquiry in this action, nor is it convinced that the motion was filed in bad faith. The plaintiff's request for costs under Fed.R.Civ.P. 11 is accordingly DENIED.

II. *Motion of Plaintiff, Imperial Casualty and Indemnity Company, to Disqualify Robert W. Gardner, Jr. as Defendant's Counsel (Docket Entry # 5).*

### DISCUSSION

█ Plaintiff filed this motion, contending that Gardner should be disqualified as defendant's counsel on the basis of DR 5–102.[3] Plaintiff further asserts in support of its motion that: (1) Gardner will be called as a witness in this action; and (2) the expected testimony does not fall within the area permissible under DR 5–101(B). It is clear that courts have disqualified counsel in instances where the counsel will be a witness in the case. *See generally Serody v. Serody*, 19 Mass.App. 411, 474 N.E.2d 1171 (1985) (affirming disqualification of lawyer where intimately involved in events at issue in alimony and child support action); *Black v. Black*, 376 Mass. 929, 381 N.E.2d 1304, 1305 (1978) (serious ethical problems arise where counsel is independent witness in family dispute and outcome of case may turn on credibility of attorney).

Gardner is counsel for Ayer and, the plaintiff alleges that Gardner failed to keep Imperial appraised of the settlement negotiations in the Deforge litigation. It is, therefore, the plaintiff's position, that the testimony of Gardner will be necessary to the trial of this action, and that substitute counsel should be obtained.

It is, on the contrary, the argument of the defendant that the testimony falls within the exception enumerated in DR 5–101(B)(1) which allows the attorney to testify "if the testimony will relate solely to an uncontested matter." DR 5–101(B)(1). In addition, the defendant contends that the disqualification of Gardner would result in great prejudice as provided in DR 5–101(B)(4).

"Disqualification is not required in every case in which counsel could give testimony on behalf of his client on other than formal or uncontested matters. We must look to whether the attorney is likely to 'withhold crucial testimony from his client because he prefers to continue as counsel' ... to determine if the 'continued participation as counsel taints the legal system or the trial of the cause before it.'" *Byrnes v. Jamitkowski*, 29 Mass.App.Ct. 107, 109, 557 N.E.2d 79, 81 (1990). The court in *Byrnes v. Jamitkowski* concluded that disqualification of counsel who had entered into a settlement negotiation on behalf of his client allegedly without the authority to do so was unnecessary or at least premature where no discovery had occurred in the action. *Id.* Similar to the *Byrnes* case, it is not clear in the present action whether the terms of the underlying settlement agreement are actually in dispute or whether the only issues concern the authority to enter the agreement without the notification of the plaintiff in this action and the allegedly resulting breach of contract.

This court concludes, as did the court in *Byrnes v. Jamitkowski*, that this is not the appropriate time to disqualify Gardner. If, on the contrary, it becomes apparent through discovery that the terms of the agreement are at issue and that Gardner was materially involved in the disputed acts, and the testimony of Gardner is necessary to support the defendant's claim, this court will reconsider the issue of his disqualification at that time.

This court, accordingly, defers " 'to the best judgment of counsel and his client[s]' until such time as an 'intention to forgo the testimony of counsel appears obviously

---

**3.** DR 5–102, "Withdrawal as Counsel When the Lawyer Becomes a Witness," provides in pertinent part:

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B), (1) through (4).

*Id.*

contrary to the client[s'] interests.' " *Id.* (citations omitted).

The Motion of Plaintiff, Imperial Casualty and Indemnity Company, to Disqualify Robert W. Gardner, Jr. as Defendant's Counsel (Docket Entry # 5) is, therefore, DENIED for the reasons provided above.

## CONCLUSION

As discussed above, it is the RECOMMENDATION[4] of this court that defendant's Motion to Strike and Dismiss (Docket Entry # 2) be DENIED. In addition, for the aforementioned reasons, the Motion of Plaintiff, Imperial Casualty and Indemnity Company, to Disqualify Robert W. Gardner, Jr. as Defendant's Counsel (Docket Entry # 5) is also DENIED.

---

**4.** Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation and must identify the portion of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the district court's order. *United States v. Escoboza Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986).