Lopez, J.
The defendant Brian E. Boyle (“Boyle”) has moved to disqualify plaintiffs’ attorneys, Foley, Hoag & Eliot (“FH&E”). The defendant alleges that FH&E previously represented him on matters substantially related to this case, and acquired confidential information from him in the course of that representation. The plaintiff Credit Technologies, Inc. (“CTI”) has filed a cross-motion to disqualify Boyle’s attorneys, Hale & Dorr, on grounds that CTI intends to call defense counsel as a witness, and his testimony allegedly will be adverse to Boyle. For the following reasons, both motions are denied.
BACKGROUND
The underlying case arises out of a dispute between CTI and Boyle, who is CTI’s former Chief Executive Officer and Chairman of the Board. CTI alleges that Boyle conveyed confidential and proprietary information to a competitor in violation of his duties as an officer and director of CTI and general partner of the BEB Partnerships, and in breach of his employment, stock option and termination agreements. Boyle denies these allegations and has asserted various counterclaims.
During the relevant time period, FH&E served as counsel for the plaintiff corporations and partner *145 ships, and had frequent communications with Boyle. Boyle contends that FH&E also represented and advised him in a personal capacity on the matters at issue in this case. He alleges that FH&E received confidential information, and therefore should be disqualified as plaintiffs’ attorneys. CTI denies any attorney-client relationship on matters substantially related to this case. It is undisputed that FH&E represented Boyle in a personal capacity in regards to his estate planning, divorce, and in a securities fraud matter in which both Boyle and one of the partnerships were prospective defendants. FH&E billed Boyle personally for only the estate planning and divorce matters.
DISCUSSION
A. Successive Representation
An attorney shall not knowingly “(u]se a confidence or secret of his client to the disadvantage of the client.” Disciplinary Rule 4-101(B)(2), appearing in S.J.C. Rule 3:07, 383 Mass. 778 (1981). These confidences must be maintained even after the termination of the attorney-client relationship. Masiello v. Perini Corp., 394 Mass. 842, 847 (1985). “[A] Court must attempt to prevent confidential information that might have been gained in the first representation from being used to the detriment of the former client in the subsequent action.” Id. at 848, quoting Realeo Servs., Inc. v. Holt, 479F.Supp. 867, 871 (E.D. Pa 1979). However, “where a judge determines that there exist no confidences from the first representation which would be relevant to the second, disqualification is unnecessary and the parties’ choice of counsel should prevail.” Id. Disqualification is “a drastic measure which courts should hesitate to impose except when absolutely necessary.” Id., quoting Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982).
The Canons of Ethics and Disciplinary Rules further dictate that a lawyer is to avoid even the “appearance of impropriety.” Canon 9, appearing in S.J.C. Rule 3:07, 382 Mass. 795 (1981). However, “Canon 9 should not be read to alter the ‘delicate balance’ created by the other canons between a client’s right to counsel of his choice and the maintenance of professional standards.” Wellman v. Willis, 400 Mass. 494, 503 (1987). A disqualification order cannot rest solely upon the requirements of Canon 9. Id.
Turning to the facts of this case, the initial step is to determine the nature and scope of the attorney-client relationship between Boyle and FH&E. There is no question that FH&E represented Boyle in a personal capacity regarding his estate planning, divorce, and the securities fraud litigation. However, Boyle maintains that FH&E’s representation of him extended to matters at issue in this case. Specifically, Boyle alleges that FH&E simultaneously represented the plaintiff entities and him in the drafting and negotiation of his employment contracts with CTI, and the various non-competition provisions relating to CTI’s products and market. He also alleges that FH&E advised him during the CTI merger negotiations where, according to CTI’s complaint, Boyle allegedly violated his duties as an officer of CTI. Finally, Boyle maintains that FH&E advised him in the formation of the plaintiff corporations and partnerships, in the sale of securities to investors, and in matters of corporate governance.
I find that the scope of the attorney-client relationship between Boyle and FH&E did not encompass such matters. “(A]n attorney for a corporation does not simply by virtue of that capacity become the attorney for . . . its officers, directors, or shareholders.” Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 522 (1989). Furthermore, “the fact that an attorney agreed to, or did, represent a client in a particular matter does not necessarily create an attorney-client relationship as to other matters or affairs of that client.” Id., quoting DeVaux v. American Home Assurance Co., 387 Mass. 814,816 n.6 (1983). FH&E necessarily interacted with Boyle in his capacity as officer or partner of FH&E’s entity clients in order to provide legal services to that client. Furthermore, the communications between FH&E and Boyle demonstrate that the plaintiff entities, not Boyle, were FH&E’s clients. Most notably, in the negotiation of Boyle’s employment contract, an FH&E attorney rejected Boyle’s request for a specific termination notice provision, clearly demonstrating that FH&E was negotiating on behalf of CTI. Finally, there is no evidence of an agreement to represent Boyle personally on matters at issue in this case, and the fact is that FH&E billed the plaintiff entities for their services, not Boyle. Essentially, any thought of simultaneous representation existed in Boyle’s mind only.
Having found that the attorney-client relationship between Boyle and FH&E was restricted to the estate planning, divorce, and securities fraud matters, the next question is whether the subject matter of the current suit is substantially related to that previous representation, such that it would implicate the general strictures regarding confidential communications. Many state and federal courts have employed the “substantial relationship” test to analyze the propriety of successive representations. This test has been summarized as follows: “Despite the existence of a prior attorney-client relationship, an attorney will not be disqualified from taking a case unless the current representation is both adverse to the interests of the former client and substantially related to the former representation.” Masiello v. Perini, supraat 848 n.5. The Supreme Judicial Court has not yet explicitly adopted this test. Wellman v. Willis, 400 Mass. 494, 498 (1987). Nevertheless, disqualification would be proper if FH&E received confidential information as a result of prior representation. See Deloury v. Deloury, 22 Mass.App.Ct. 611 (1986).
The matters in which FH&E represented Boyle in a personal capacity bear no substantial relationship to the matters at issue in this suit. Furthermore, infor *146 mation that FH&E received regarding Boyle’s financial affairs was previously provided to the plaintiffs in connection with a separate business transaction. Therefore such disclosure is an insufficient basis for disqualification. See Mailer v. Mailer, 390 Mass. 371, 374 (1983) (information regarding the plaintiffs financial position was already known by defendant, hence there could be no compromising disclosure).
B. Counsel as Witness
Disciplinary Rule 5-102(B) provides that if “a lawyer learns or it is obvious that he . . . may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.” See S.J.C. Rule 3:07, 382 Mass. 780 (1981). However, while “a party may call opposing counsel... ‘the party who calls the witness has no right to require him to withdraw as counsel’ ” without a further showing of prejudice to counsel’s client. Borman v. Borman, 378 Mass. 775, 792 (1979), quoting Kendall v. Atkins, 374 Mass. 320, 324-25 (1978).
At this early stage in the proceedings, it is not obvious that counsel’s testimony will be either necessary or prejudicial. Therefore, a disqualification order is premature. See Borman v. Borman, supra at 791 -92, Burnes v. Jamitlowski, 29 Mass.App.Ct. 107, 110 (1990).
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to disqualify plaintiffs’ attorneys be DENIED. It is further ORDERED that the plaintiffs’ motion to disqualify defendant’s attorneys be DENIED.