Salinger, Kenneth W., J.
This lawsuit concerns a dispute over the conduct and compensation of the president of a closely-held corporation called Royal *359 Food Import Corporation. For the reasons explained below, the Court DENIES Plaintiffs motion to disqualify Attorney Michael Burkett and all other lawyers at Rubin & Rudman LLP from continuing to represent Royal in this case, and also DENIES Royal Food’s motion for a protective order barring Plaintiffs from enforcing their subpoena duces tecum for the deposition of Attorney Burkett.
1. Background
Royal Food has four shareholders. Defendant Colin Tuthill is President of Royal, owns 60 percent of its shares, and exercises day-to-day management and control of the company. The three plaintiffs are the minority shareholders; they each own 13.33 percent of the company, and thus together own 40 percent of outstanding shares. The corporation has three directors: Tuthill, his brother Shawn Tuthill, and plaintiff Michael Rabb.
Plaintiffs claim, among other things, that Colin Tuthill acted unlawfully in causing Royal Food to pay him a salary. Plaintiffs allege that they and Tuthill had agreed that Tuthill would receive 60 percent of the company’s profits but would not be paid any other compensation by Royal.
When suit was filed in February 2011, Tuthill authorized Attorney Beckett and Rubin and Rudman to appear for and defend Royal Food. He later authorized them to file the counterclaims on Royal Food’s behalf, which was done in November 2011. Tuthill also authorized Attorney Michael Coppock, also of Rubin and Rudman, to appear on behalf of Royal Food in July 2012 to respond to Plaintiffs’ motion to disqualify Attorney Beckett and other motions filed against Royal Food. Tuthill is separately represented in this lawsuit by an attorney now practicing with the firm Eckert Seamans Cherin & Mellot, LLC.
On September 10, 2012, Royal Food’s directors voted by a 2-1 margin to authorize Tuthill to retain legal counsel to represent Royal. The same resolution ratified and affirmed Tuthill’s prior actions in retaining Rubin and Rudman to represent Royal in this civil action. Tuthill and his brother voted in favor and Michael Rabb voted against these resolutions.
In their original complaint, Plaintiffs asserted personal claims on their own behalf against both Defendants but did not assert any derivative claims on behalf of Royal Food. Although Plaintiffs sought an order that Tuthill repay salary to Royal, as well as injunctive relief requiring Tuthill to perform duties allegedly owed to Royal, Plaintiffs did not comply with the Mass.R.Civ.P. 23.1 requirements for shareholder derivative actions: the original complaint was not verified and it did not allege with particularify any efforts made by Plaintiffs to obtain the actions they desired from Royal Food’s directors or majority shareholder. The original complaint also sought equitable relief against Royal Food, asking the Court to “(o]rder the orderly dissolution of the corporation and distribute the assets to the shareholders!.]”
Plaintiffs filed an amended complaint in October 2011. It is verified under oath, alleges with particularity Plaintiffs’ efforts to convince Tuthill to satisfy their requests for actions, and expressly asserts derivative claims against Tuthill on behalf of Royal Food. Plaintiffs reframed their action to assert personal claims against Tuthill for damages on their own behalf in Counts I-VIII, derivative claims against Tuthill for damages on behalf of Royal Food in Counts IX-X, and personal claims seeking against Royal Food declaratory and equitable relief in Counts XI-XVI. Plaintiffs continue to seek the forced dissolution of Royal Food (Count XV) and now also seek appointment of a receiver to carry out the dissolution (Count XVI). In addition, Plaintiffs ask the Court to declare that documents executed by Plaintiffs and Tuthill in 2010 to adopt bylaws “are void and of no effect” (Count XI).
Royal Food asserted a number of counterclaims in response to the amended complaint. These counterclaims are based on a 2001 contract between the two original shareholders of Royal Food, Tuthill and Michael Rabb. Royal alleges that Steven and Martin Rabb are also bound by that contract because they each received one-third of Michael’s 40 percent ownership stake in the company. Royal seeks two kinds of relief against the Plaintiffs. First, it seeks damages on the theory that Plaintiffs have a contractual obligation to provide Royal’s accounting, financial, and reporting functions, that Plaintiffs have failed to provide those services, and that as a result Royal has been forced to hire outside vendors to provide those services. These damages claims are based on the implicit assumption that Royal was an intended third-party beneficiary of the alleged agreement with respect to accounting and related services. Second, Royal seeks a declaration that Tuthill has a contractual right to purchase all of Plaintiffs’ shares in Royal for $100,000. It is not evident from the counterclaim how Royal Food would have standing to seek to enforce Tuthill’s alleged right to purchase Plaintiffs’ shares, as Royal does not appear to be an intended beneficiary of that provision.
Thus, Royal Food is a party to this litigation in three different capacities. It is an indispensable party to Plaintiffs’ derivative claims for damages against Tuthill, and was properly joined as a nominal defendant with respect to those claims. Cf. Turner v. United Mineral Lands Corp., 308 Mass. 531, 538 (1941) (corporation is indispensable party to derivative action); Fusco v. Rocky Mountain I Investments Ltd. Partnership, 42 Mass.App.Ct. 441, 447 (1997) (“in any derivative action the entity in whose right the action is brought appears as the defendant”). In addition, Royal Food is also a real party in interest with respect to Plaintiffs’ claims for declaratory and equitable relief against Royal. Finally, Royal asserts the counterclaims summarized above.
*360 In August 2012 Plaintiffs served a subpoena duces tecum on Attorney Burkett. The subpoena ordered Burkett to appear and testify at a deposition and to bring with him copies of various documents concerning Royal Food that are under the possession, custody, or control of Rubin and Rudman.
2. Alleged Conflicts of Interest
Under the circumstances of this case, the representation of Royal Food by Rubin and Rudman does not create any conflict of interest, threaten to harm Royal’s corporate interests, or undermine the “fair and efficient administration of justice” in a manner that would make it necessary for the Court to bar Royal from being represented by its counsel of choice. Cf. Mass. R. Prof. Conduct 1.7, comment 15.
“Motions to disqualify” a party’s counsel “must be considered in light of the principle that courts ‘should not lightly interrupt the relationship between a lawyer and her client.’ ” G.D. Mathews & Sons Corp. v. MSN Corp., 54 Mass.App.Ct. 18, 20 (2002), quoting Adoption of Erica, 426 Mass. 55, 58 (1997). “Disqualification has veiy serious consequences for both client and lawyer.” Adoption of Erica, 426 Mass. at 65 n.11, quoting 1 G.C. Hazard & W.W. Hodes, The Law of Lawyering §1.9:112, at 304 (2d ed. 1990). It “is a drastic measure” that should not be imposed “except when absolutely necessary.” Id., 426 Mass. at 58, quoting Freeman v. Chicago Musical Instalment Co., 689 F.2d 715, 721 (7th Cir. 1982).
Plaintiffs are mistaken when they argue that Rubin and Rudman has a conflicting attorney-client relationship with each of the Plaintiffs as a result of the law firm’s representation of Royal Food. “(C)ounsel for a closely held corporation does not by virtue of that relationship have an attorney-client relationship with the individual shareholders!.]” Schaeffer v. Cohen, Rosenthal Price, Mirkin, Jennings & Berg, P.C., 405 Mass. 506, 513 (1989). A lawyer retained by a corporation represents the corporate entity, not its shareholders, employees, or directors. Cf. Mass. R. Prof. Conduct 1.13.
Nor does Rubin and Rudman owe any fiduciary duly to Royal Food’s shareholders that would bar its lawyers from defending Royal in this action or from asserting appropriate counterclaims against any of Royal’s shareholders or directors. It remains an unsettled question whether, under Massachusetts law, “an attorney for a close corporation owes a fiduciary duty to the individual shareholders.” Schaeffer, 405 Mass. at 513. But even if such a fiduciary duly exists for some purposes, as a matter of law that duty would have to be construed so as not to conflict with the attorney’s overriding duty of undivided loyalty to its corporate client. See Lamare v. Basbanes, 418 Mass. 274, 276 (1994) (Massachusetts law does not impose on attorney duty of care to non-client where doing so “would potentially conflict with the duty the attorney owes to his or her client”). “(I]t would be improper to impose” upon the attorneys representing Royal Food “a conflicting duty to [their] client’s adversary.” Bratcher v. Moriarty, Donoghue & Leja, P.C., 54 Mass.App.Ct. 111, 116 (2002). “It is the potential for conflict that is determinative” in narrowly construing any duty owed by an attorney to a non-client, “not the existence of an actual conflict.” Miller v. Mooney, 431 Mass. 57, 63 (2000).
Having been retained by Royal Food to defend it and assert counterclaims on its behalf, Rubin and Rudman can owe no conflicting fiduciary duty to Plaintiffs. Royal is entitled to defend itself against Plaintiffs’ claims that seek relief against the corporation, including the claims seeking to dissolve the corporation or in the alternative to void Royal’s bylaws. It is also entitled to assert its claims for damages against individual shareholders. Indeed, Plaintiffs amended complaint is predicated in part on this corporate power: Plaintiffs assert shareholder derivative claims on behalf of Royal against Tuthill, alleging that Tuthill has an obligation as a shareholder to repay salary and benefits to Royal. Royal Food may itself exercise the same right to seek damages from a shareholder that Plaintiffs seek to exercise on Royal’s behalf. And any lawyer or law firm hired to protect Royal Food’s corporate interests in this action, including Rubin and Rudman, may do so free of any implied fiduciary duly to Royal’s shareholders.
More troubling is Rubin and Rudman’s involvement in pressing Royal’s claim for a declaration that Tuthill has a contractual right to purchase all of Plaintiffs’ shares in Royal Food for $100,000. As noted above, it is questionable whether Royal has any standing to pursue this claim, which appears to concern personal interests of the four shareholders and not any corporate interest of Royal. However, Royal’s assertion of this claim has had no apparent effect on the scope of the litigation. Tuthill, represented by separate counsel, asserts his own counterclaim seeking a similar judgment declaring that Plaintiffs have a contractual obligation to transfer all of their Royal Food stock to him in exchange for a payment of $ 100,000. The Court therefore concludes that Rubin and Rudman’s assertion of essentially the same claim on behalf of Royal does not necessitate an order disqualifying them from continuing to represent Royal at this time. Royal Food should consider, however, whether to dismiss this claim with prejudice and leave Tuthill to pursue the issue on his own. Doing so would end any involvement by Royal’s counsel in a dispute among its shareholders that does not seem to affect Royal’s corporate interests.
There is no merit to Plaintiffs’ assertion that Rubin and Rudman’s representation of Royal in this litigation conflicts with allegedly simultaneous representation of Tuthill. Plaintiffs rely on an invoice from Rubin and Rudman indicating that for a time the law firm represented Tuthill in connection with a potential share *361 holder buyout. But that invoice indicates that the representation in question was limited to an eight-day period from March 10 to March 17, 2009, almost two years before Plaintiffs filed this suit. Rubin and Rudman’s work for Tuthill in early 2009 was limited to four hours of work by two lawyers, Thomas Brantley and Christopher Parker. Neither of those lawyers has appeared for Royal Food in this litigation. The Court finds that Rubin and Rudman has not simultaneously represented both Royal Food and Tuthill in connection with or during the pendency of this lawsuit. The work in 2009 cited by Plaintiffs does not compel disqualification of Rubin and Rudman.
3. Attorney Burkett’s Role as a Potential Witness
Plaintiffs also seek to disqualify Burkett — but not the rest of Rubin and Rudman — on the ground that they wish to depose Burkett regarding non-privileged information.
But that is no reason to disqualify Burkett from continuing to represent Royal Food at this time. “ ‘[Disqualification is not required in every case in which counsel could give testimony on behalf of his client on other, than formal or uncontested matters,’ nor is it automatically granted where a party attempts to call opposing counsel.” Smaland Beach Ass’n, Inc. v. Genova, 461 Mass. 214, 221 (2012) (citations omitted), quoting Byrnes v. Jamitkowski, 29 Mass.App.Ct. 107, 109 (1990). The rules of professional conduct “prohibit! ] a lawyer from acting ‘as an advocate at trial in which the lawyer is likely to be a necessary witness.’ ” Id., 461 Mass. at 225 (emphasis in original), quoting Mass. R. Prof. Conduct 3.7(a). If Burkett proved to be a necessary witness at trial, Rule 3.7(a) would probably bar him from also serving as trial counsel for Royal Food. But that future possibility provides no basis for disqualifying Burkett from continuing to represent Royal in pre-trial activities. See Smaland, 461 Mass. at 226-27; Steinert v. Steinert, 73 Mass.App.Ct. 287, 290-91 (2008).
Turning to Royal’s responsive motion, the Court sees no good reason to enter any protective order barring Plaintiffs from deposing Attorney Burkett. Royal Food makes no claim that the deposition of its corporate attorney by its shareholders would violate the attorney-client privilege, and does not contest Plaintiffs’ argument that a close corporation has no such privilege vis-a-vis its shareholders. Thus, the case law cited by Royal in which parties had to establish that the attorney-client privilege had been waived before being allowed to question an attorney is inapposite. In the absence of any claim of privilege, Burkett is likely to have information and documentation that Plaintiffs are entitled to discover. Furthermore, the deposition subpoena is timely. At the request of both parties, the Court recently extended the period for completing discovery to and including January 3, 2013.
ORDER
After hearing and consideration of the parties’ written submissions, Plaintiffs’ motion to disqualify all attorneys at Rubin and Rudman from representing defendant Royal Food Import Corp. in this action is DENIED, and Royal Food’s motion for a protective order that would bar the deposition of Attorney Michael Burkett is also DENIED.