ROGER F. STEINERT vs. MARILYN V. STEINERT.

No. 07-P-1661.

Essex. September 19, 2008. - December 4, 2008.

Present: LENK, GRAHAM, & GRAINGER, JJ.

*Attorney at Law,* Disqualification, Attorney as witness. *Witness,* Attorney as witness.

In an action brought by a husband seeking reformation of a divorce settlement agreement (agreement) on theories of fraud and mutual mistake, the judge erred in granting the wife's motion for disqualification of the husband's counsel, where the wife's claim that the husband's counsel would likely be a necessary witness in the reformation action, based on counsel's involvement in drafting and revising the agreement and in making certain representations, was based on mere speculation that was plainly insufficient to serve as a basis for disqualification. [288-291]

COMPLAINT filed in the Essex Division of the Probate and Family Court Department on February 15, 2007.

A motion for disqualification of counsel was heard by *John P. Cronin,* J.

*Philip J. Byers* for Roger F. Steinert.

*Carol Weinstein Boileau* for Marilyn V. Steinert.

GRAINGER, J. The husband appeals from an order disqualifying his attorney.[1] In 2005, the parties divorced pursuant to a judgment that incorporated terms of a separation agreement. For purposes of calculating the marital estate under that separation agreement, the husband was treated as the owner of two life insurance policies with a combined cash surrender value of $232,886. In February, 2007, the husband filed a complaint seeking reformation of the settlement agreement in the present

---

[1] "Under the present execution doctrine, a disqualification order, as we have here, is treated as a final judgment that is immediately appealable." *Slade* v. *Ormsby,* 69 Mass. App. Ct. 542, 544 (2007), citing *Borman* v. *Borman,* 378 Mass. 775, 780 (1979).

action based on alternative theories of fraud and mutual mistake.[2] He claimed that in January, 2007, he learned for the first time that those life insurance policies had been transferred in 1999 into an inter vivos irrevocable trust with the wife and children as beneficiaries. The husband argued that the surrender value of the life insurance policies therefore should not have been assigned to him as a marital asset. The wife thereupon moved to disqualify the husband's attorney, arguing that he is a material witness because he may have been aware of the trust. After conducting a nonevidentiary hearing, the motion judge granted the wife's request and disqualified the husband's attorney. We reverse.

*Discussion.* A party generally enjoys the right to the counsel of his or her choice, see *Mailer* v. *Mailer*, 390 Mass. 371, 373 (1983), and "courts 'should not lightly interrupt the relationship between a lawyer and [a] client.' " *Slade* v. *Ormsby*, 69 Mass. App. Ct. 542, 545 (2007), quoting from *G.D. Mathews & Sons Corp.* v. *MSN Corp.*, 54 Mass. App. Ct. 18, 20 (2002). The burden thus rests on the party seeking disqualification to establish the need to interfere with the relationship. Where, as here, it is opposing counsel who seeks disqualification, we must "be alert that the Canons of Ethics are not brandished for tactical advantage." *Serody* v. *Serody*, 19 Mass. App. Ct. 411, 414 (1985). See *Byrnes* v. *Jamitkowski*, 29 Mass. App. Ct. 107, 109 (1990) (recognizing "repeated use of a disqualification motion as a litigation tactic"). We review the disqualification order for an abuse of discretion. See *Serody, supra* at 415 (on motion to disqualify, "[s]izing up the potential for prejudice in a particular case and the degree of that prejudice involves exercise of discretion by the trial judge"). See also *Grant* v. *Lewis/Boyle, Inc.*, 408 Mass. 269, 272 (1990) (judge did not abuse discretion in denying motion to disqualify).

Rule 3.7(a) of the Massachusetts Rules of Professional Conduct provides, subject to certain exceptions, that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Mass.R.Prof.C. 3.7(a), 426 Mass. 1396

---

[2]The wife asserted a counterclaim, also alleging fraud, but with respect to a stipulation separate from the agreement.

(1998).[3] Here, the motion judge concluded that, because the husband's attorney was involved in drafting and revising the separation agreement and made "certain representations regarding that Agreement and regarding the life insurance trust," he was a necessary witness in the reformation action.

According to the wife's motion to disqualify, and as her counsel reiterated at oral argument before this court, she intends to depose the husband's attorney to determine whether he had ever seen a copy of the trust prior to the date of the separation agreement. Specifically, the wife points to a statement, during a deposition of the husband taken in the divorce proceeding, in which the husband's attorney stated that he would obtain copies of all relevant life insurance documents and share them with the wife's counsel. Presumably, the wife hopes that she will elicit testimony that the husband's attorney obtained those documents prior to the execution of the separation agreement.[4] Additionally, the wife refers to a handwritten notation on a separate stipulation regarding the escrow of certain funds, which is the basis for her fraud counterclaim. The wife submits that she will ask the husband's attorney why he added this notation.

---

[3] Rule 3.7 of the Massachusetts Rules of Professional Conduct, 426 Mass. 1396 (1998), provides:

> "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> > "(1) the testimony relates to an uncontested issue;
> >
> > "(2) the testimony relates to the nature and value of legal services rendered in the case; or
> >
> > "(3) disqualification of the lawyer would work substantial hardship on the client.
>
> "(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."

Assuming the prerequisite of the lawyer's being a necessary witness, the only numbered exception arguably relevant here is rule 3.7(a)(3). The motion judge concluded that, given the "relatively early stage of the litigation," disqualification would not cause substantial hardship to the husband.

[4] We note that there is nothing in the record to suggest that the husband or his lawyer received the trust documents prior to the husband's signing of the separation agreement. Indeed, it is unclear on the record why the husband would intentionally increase the amount of assets assigned to him.

However, because the wife has not yet sought any information from the husband's attorney, her possible defense to the requested reformation and her possible support for her own claim are both based on mere speculation as to what that testimony might entail. This is plainly insufficient to serve as a basis for disqualification. See *Byrnes* v. *Jamitkowski, supra* at 110 (in case involving counterclaim based on attorney's communication of settlement offer, disqualification order was either unnecessary or premature, as it was "not clear, at [that] point, whether the existence of the settlement agreement, or its terms, [were] actually in dispute"). A Georgia appellate court, interpreting a provision identical to our rule 3.7, has well articulated the rationale for this rule:

> "Otherwise, any party could successfully move to disqualify an opposing attorney by simply averring that the opposing attorney might possess information that is damaging to the attorney's client's case and, therefore, that the attorney is likely to be a necessary witness in the moving party's case. *To approve of such a tactic would be opening the door to blatant misuse of a rule that already has great potential for abuse*" (emphasis added).

*Clough* v. *Richelo*, 274 Ga. App. 129, 136 n.7 (2005).

In this case there might be some evidence, albeit very little,[5] that is arguably relevant to the wife's defense or counterclaim to be elicited from the husband's attorney. The wife has the right to seek such evidence, subject of course to the judge's exercise of discretion over the discovery process.[6] However, it is difficult to preclude the notion that this motion represents precisely the type of gamesmanship that courts must guard against in this area.

Further, we note that rule 3.7 requires only that an attorney likely to be a necessary witness "shall not act as an advocate *at trial*" (emphasis added), and we thus conclude that it does not

---

[5]There has been no waiver of the attorney-client privilege. Even should the wife establish that the attorney was aware of the trust before the separation agreement was signed (a proposition for which no evidence currently can be found in the record), she has not demonstrated knowledge by the husband.

[6]For example, responses to sworn interrogatories may reveal the lack of any basis to conduct deposition on this issue.

Steinert *v.* Steinert.

limit the attorney's involvement prior to trial. This approach is supported by the purpose of rule 3.7(a), which is primarily to prevent the jury as fact finder from becoming confused by the combination of the roles of attorney and witness.[7]

The order dated August 3, 2007, allowing the wife's motion to disqualify the husband's counsel is vacated, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[7]As stated in the comments to rule 3.7:

"The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof."

Mass.R.Prof.C. 3.7, comment [2], 426 Mass. 1396 (1998).