R & D MULLER, LTD. *vs.* FONTAINE'S AUCTION GALLERY, LLC, & others.[1] No. 08-P-45. May 18, 2009. *Attorney at Law,* Disqualification.

The plaintiff, R & D Muller, Ltd., appeals from the allowance of the defendants' motion to disqualify the plaintiff's attorneys, Cain, Hibbard, Myers & Cook, P.C., and attorney Diane M. DeGiacomo (Cain Hibbard). At issue is whether Cain Hibbard's prior representation of defendants John and Dina Fontaine (the Fontaines) is substantially related to the current litigation. See Mass.R.Prof.C. 1.9(a), 426 Mass. 1342 (1998).

The plaintiff brought the present suit against a number of defendants, including the Fontaines and certain companies and trusts established by them (Fontaine business entities), to recover damages sustained as a result of an auction gone awry. The plaintiff's predecessor, American Investment Properties, Inc. (AIP), consigned a 1,500-ounce solid gold statue of Mickey Mouse, called "Celebration Mickey," for auction by Albany Auction Gallery and two of the Fontaine business entities — Fontaine's Auction Gallery, LLC, and Dina's Antiques, Inc. When the auction was held on February 8, 2003, the high bidder, Roger Jakubowski, was allowed to leave with "Celebration Mickey" without paying for it. AIP then assigned its interest in "Celebration Mickey" and any associated claims to the plaintiff, which expended nearly $300,000 to retrieve the statue. Seeking to recover these costs, the plaintiff sued the defendants, asserting various theories of recovery, including breach of contract, breach of fiduciary duty, breach of bailment obligations, and negligence.

Of particular pertinence to the disqualification issue, one count of the complaint seeks to "pierce the corporate veil" so as to impose liability upon the Fontaines individually and as trustees of certain trusts, on account of the actions and omissions of Dina's Antiques, Inc., and Fontaine's Auction Gallery, LLC. In support of that claim, the plaintiff alleges that "Defendant Auction Gallery and Defendant Dina's Antiques failed to secure corporate formalities, or had nonfunctioning offices or directors, or failed to maintain corporate records." The plaintiff also alleges that there was confused intermingling of assets and roles among the Fontaine business entities.

---

[1] Dina's Antiques, Inc., doing business as Fontaine's Auction Gallery; John Fontaine, individually and as trustee of 1485 West Housatonic Street Nominee Trust, and as trustee of Dina's Antiques Massachusetts Business Trust; Dina Fontaine, individually and as trustee of Dina's Antiques Massachusetts Business Trust; Robert Meringolo; John and Jane Doe, as unknown beneficiaries of Dina's Antiques Massachusetts Business Trust; and 1485 West Housatonic Street Nominee Trust.

Affidavits and exhibits submitted in support of the motion to disqualify establish that, between 1980 and 1990, Cain Hibbard had represented the Fontaines on personal and business matters. Among other things, in 1987, Cain Hibbard helped Dina Fontaine (Dina) incorporate Dina's Antiques, Inc., and advised her on the proper maintenance of corporate formalities. Two years later, on March 14, 1989, Cain Hibbard sent Dina a letter reminding her of the necessity of maintaining the corporate records of Dina's Antiques, Inc., so that they reflected the current state of the corporation accurately. The letter also advised Dina that "these records are necessary to support the corporation's role as a separate entity, and they help to maintain a barrier against personal liability." Shortly thereafter, on April 12, 1989, a Cain Hibbard paralegal wrote to Dina about updating her corporate minute book, and enclosed backdated stockholders' resolutions that she directed Dina to sign and return.

On this record, the motion judge did not abuse his discretion in concluding that Cain Hibbard should be disqualified. See *Care & Protection of Georgette*, 439 Mass. 28, 34 (2003). The relevant provision of the Massachusetts Rules of Professional Conduct states: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." Mass.R.Prof.C. 1.9(a). This rule applies where "the current representation [is] 'adverse' to the interests of the former client," and "the matters of the two representations [are] 'substantially related.' " *Adoption of Erica*, 426 Mass. 55, 61 (1997). It is undisputed that Cain Hibbard's representation of the plaintiff is adverse to its former clients; only the second element is contested.

"Prohibition of successive representation arises from 'the attorney's duty . . . to preserve his client's confidences and secrets.' " *G.D. Matthews & Sons Corp.* v. *MSN Corporation*, 54 Mass. App. Ct. 18, 21 (2002), quoting from *Bays* v. *Theran*, 418 Mass. 685, 691 (1994). Thus, if the previous representation exposed counsel to confidential information that could be used against the client in the present litigation, the two matters will be deemed "substantially related." See *G.D. Matthews, supra* at 22.

Here, the judge determined that, even though considerable time had passed since Cain Hibbard represented the Fontaines, the attorneys had been exposed to confidential information that could be used to the Fontaines' disadvantage in the present case. The plaintiff's claim for piercing the corporate veil is grounded in the principle that, despite the general rule that a corporation and its stockholders are separate legal entities, "one corporation, or a person controlling it, may become liable for the acts or torts of an affiliate or a subsidiary under common control" where additional facts "permit the conclusion that an agency or similar relationship exists between the entities." *My Bread Baking Co.* v. *Cumberland Farms, Inc.*, 353 Mass. 614, 618-619 (1968). Among the several factors a court may consider to determine whether such a relationship exists is "nonobservance of corporate formalities." *Scott* v. *NG US 1, Inc.*, 450 Mass. 760, 768 (2008), quoting from *Attorney Gen.* v. *M.C.K., Inc.*, 432 Mass. 546, 555 n.19 (2000).

The correspondence Cain Hibbard sent to Dina indicates that the firm had advised her and Dina's Antiques with respect to observing corporate formalities, in part to help "maintain a barrier against personal liability," and had provided her with backdated corporate resolutions to facilitate her belated

compliance. In these circumstances, the judge could conclude in his discretion that Cain Hibbard had been exposed to confidential information germane to the present dispute and that the current and former matters are substantially related for purposes of rule 1.9(a).

We see no merit to the plaintiff's contention that the judge failed to perform a sufficiently "searching review" of the facts concerning the current and prior representations to warrant disqualification. See *Slade* v. *Ormsby*, 69 Mass. App. Ct. 542, 547 (2007). On the contrary, the judge in this case "examined the overlap and similarity" between the two representations, and found specific facts concerning the past and present matters in demonstrating that they were "substantially related." *Ibid.*

*Order of disqualification affirmed.*[2]

*Diane M. DeGiacomo* for the plaintiff.
*Scott W. Ellis* for the defendants.

---

[2]Although we decide this case in favor of the defendants, we do not consider the plaintiff's appellate arguments to be frivolous. The defendants' request for an award of attorney's fees is, accordingly, denied.