Curran, Dennis J., J.
The plaintiffs NGM Insurance Company and Ringler Associates Manchester, Inc., brought this action against the defendants Jennifer A. Cotter and her husband, Michael G. Cotter, seeking reformation of a Settlement Agreement between the parties to correct what the plaintiffs allege is a mistake in the annual payment terms of a portion of the agreement. The plaintiffs have moved for summary judgment on their complaint.
For the following reasons, the plaintiffs’ motion for summary judgment is DENIED.
BACKGROUND
After suffering significant injuries in a September 2005 car accident, Jennifer Cotter brought a claim against the other motorist involved, Mary McGinnis. McGinnis’s primary insurer was NGM, and her relevant policy limits were $500,000. In March 2007, at NGM’s request, Ringler contacted the Cotters’ attorney to provide structured settlement proposals in connection with settlement discussions between NGM and the Cotters. Each structured settlement proposal used the $500,000 policy limit as a foundation for discussions. The most recent proposal, dated July 10, 2007, provided for: (1) an up-front cash payment of $329,405.80; (2) payments of $5,000 payable semiannually for 20 years beginning on August 5, 2008, and ending on February 5, 2028; (3) payments of $10,773.31 payable annually for five years beginning on August 1, 2019, and ending on August 1, 2023; and (4) payments of $12,198.87 payable annually for five years beginning on August 1, 2021, and ending on August 1, 2025. The proposal indicated that the cost of the $10,773.31 and $12,198.87 payments were $25,000 and $25,000, respectively. The total cost of the structured settlement payments and the up-front cash payment was $500,000, the amount of the policy limit.
The plaintiffs allege that the Cotters’ attorney accepted this proposal on her clients’ behalf on July 13, 2007. On or about July 17, 2007, Ringler forwarded settlement documents to the attorney, which included a Settlement Agreement and Release. According to the complaint, as a result of mistake and/or scrivener’s error, the Settlement Agreement and Release included the cost of the annual payments to NGM — $25,000— instead of the $10,773.31 and $12,198.87 payments to the Cotters previously discussed. The Cotters executed a final draft of the Settlement Agreement and Release — with the $25,000 figure — on October 9, 2007. Over two months later, on December 12, 2007, a Ringler representative contacted the Cotters’ attorney to notify her that they had made a mistake in transcribing the payment terms and requested that the attorney have the Cotters sign a corrected document. The attorney refused, insisting that the only settlement to which her clients had agreed was the executed Settlement Agreement and Release, which contained the $25,000 payment terms, rather than the payment terms from the July 10, 2007 proposal.
DISCUSSION
If the language of a written instrument does not reflect the true intent of both parties, the mutual mistake is reformable. Mickelson v. Barnet, 390 Mass. 786, 791 (1984). In this case, the Cotters maintain that there was no such mistake. They acknowledge that they agreed to settle their claims for the $500,000 policy limit, but insist that the executed Settlement Agreement and Release reflects the actual agreement between the parties, notwithstanding the fact that Ringler notified them, over two months after the agreement was reached, that the payout will ultimately cost the plaintiffs more than the policy limit.
Given the discrepancy between the policy limit and the actual cost to NGM — as reflected in the differences between the July 10, 2007 structured settlement proposal and the executed Settlement Agreement — the Court finds sufficient evidence in the summary judgment record from which to infer that there was, indeed, a mistake with respect to the payment terms contained in the Settlement Agreement. However, the plaintiff can only make a thin argument as to whether there is a genuine issue of material fact as to whether the mistake was mutual, such that reformation might be appropriate, or whether it was unilateral, in which *2 case reformation is appropriate only if the Cotters knew or had reason to know of the error. See Nissan Automobiles of Marlborough, Inc. v. Glick, 62 Mass.App.Ct. 302, 306 (2004).
The plaintiffs are not entitled to summary judgment on the grounds of mutual mistake because there is a genuine issue of material fact as to whether the Cotters specifically agreed to the $10,773.31 and $12,198.87 figures contained in the July 10, 2007 settlement proposal before the parties reduced the agreement to writing. If the plaintiffs can establish that the Cotters accepted that settlement proposal and thus, neither side truly intended for the Cotters to receive $25,000 annual payments as part of the structured settlement, then the plaintiffs are arguably entitled to reform the Settlement Agreement to reflect the parties’ actual agreement.
However, if the plaintiffs are unable to establish that a mutual mistake occurred, then they must be prepared to offer “full, clear and decisive proof’ that the Cotters knew or had reason to know that the plaintiffs erred in its annuity calculation. See Nissan Automobiles, 62 Mass.App.Ct. at 307. It is for a jury to decide these issues between the insurance corporation[3] and the Cotter family: specifically, whether Ringler Associates, Manchester, Inc., a self-admitted Certified Structured Settlement Consultant,[4] made an arguably mathematical error in paragraph 2.2 of a' seven-page, single-spaced agreement (much of which is boilerplate) involving a portion of a structured settlement which does not take effect until a decade later, in the year 2019.' These were annuity calculations which, to be fair, usually glaze the eyes of most personal injury attorneys.[5] The Cotters’ attorney admits as much: “I am not an actuary or have a strong mathematical background and relied upon the presentations of the plaintiffs.” (See paragraph 34 of Exhibit 6 in the Joint Appendix of Documents.)
Most importantly, Ringler has already admitted that this was its error — and its alone — in a fax transmission to the Cotter’s attorney dated December 12, 2007:
“. • • [W]e realized we made a mistake on the Settlement Agreement and Release.
We sincerely apologize ... and accept responsibility for the error ..." (See Exhibit 4 to the Joint Appendix of Documents.)
Under the circumstances, it is entirely plausible— perhaps even probable — that the insurance company’s agent did nothing before the Settlement Agreement was signed by the parties to call attention — directly or indirectly — to their annuity calculation error. This issue, however, is obviously for a jury to decide. In doing so, the plaintiffs bear a heavy burden.
Accordingly, summary judgment is inappropriate.
ORDER
For the foregoing reasons, the plaintiffs’ motion for summary judgment is DENIED.

Through its agent.

Its letterhead declares: “Ringler Associates [-] Stmctured Settlements." (See Exhibit 2, “Individually Designated Settlement dated July 10, 2007,” in the Joint Appendix of Documents.)

Indeed, it is far more likely that all eyes were on the immediate cash payment of $329,405.80 payable to the Cotters and their attorney upon the execution of the Agreement.