Kenton-Walker, Janet, J.
NGM Insurance Company and The Main Street America Group and Ringler Associates Manchester, Inc. (collectively, “plaintiffs”), move the court to disqualify attorney Maureen A. O’Reilly (“Attorney O’Reilly”), counsel for the defendants, Jennifer A. Cotter and Michael G. Cotter (“Cotters”) , arguing Attorney O’Reilly is a necessary witness at trial. The court agrees.
Massachusetts Rules of Professional Conduct 3.7(a) provides that “[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness,” subject to three exceptions, none of which apply here.[3] Because they seek to disqualify Attorney O’Reilly, the plaintiffs have the burden of establishing the need to disqualify. See Steinert v. Steinert, 73 Mass.App.Ct. 287, 288 (2008).
Where a pivotal issue at trial will be the course and content of settlement negotiations between the Cotters, represented by Attorney O’Reilly, and the plaintiffs, Attorney O’Reilly is the only witness able to testify on behalf of the Cotters with full knowledge about those negotiations. Attorney O’Reilly is therefore a necessary witness at trial, and must be disqualified under Mass.R.Prof.C. 3.7(a). See Carta v. Lumbermens Mut. Cas. Co., 419 F.Sup.2d 23, 29-30 (D.Mass. 2006) (in applying Mass.RProf.C. 3.7(a) and holding plaintiffs lawyers necessary witnesses, the court stated, “(The plaintiffs] two attorneys are the only people who will be able to testify on the plaintiffs behalf about the settlement negotiations with the defendants, the correspondence that went back and forth between the parties . . . and the strategic decisions made during the settlement process”); see also Serody v. Serody, 19 Mass.App.Ct. 411, 415 (1985) (“The need for disqualification is greatest where the lawyer is most intimately involved in the events at issue”).
There is no indication the plaintiffs seek disqualification as a litigation tactic or to harass the Cotters. See Steinert, 73 Mass.App.Ct. at 288, quoting Serody, 19 Mass.App.Ct. at 414 (“Where, as here, it is opposing counsel who seeks disqualification, we must ‘be alert that the Canons of Ethics are not brandished for tactical advantage’ ”); see also Gorovitz v. Planning Bd. of Nantucket 394 Mass. 246, 250 n.7 (1985) (“Court resources are sorely taxed by the increasing use of disqualification motions as harassment and dilatory tactics”).
Accordingly, it is hereby ORDERED that the plaintiffs’ Motion to Disqualify Counsel for Defendant be ALLOWED.

The first exception pertains to uncontested issues. As this court (Curran, J.) already decided [26 Mass. L. Rptr. 1], there are genuine issues of material fact regarding the settlement negotiations between the Cotters, represented by Attorney O’Reilly, and Ringler Associates. The second exception deals with testimony regarding “the nature and value of legal services,” which are irrelevant here. Finally, the third exception provides that if “disqualification of the lawyer would work substantial hardship on the client,” the lawyer may not be disqualified. The Cotters do not argue in their opposition to the plaintiffs’ disqualification motion that they would suffer substantial hardship should Attorney O’Reilly be disqualified, but they do so in their opposition to the plaintiffs’ motion to extend tracking order deadline and to compel the depositions of Attorney O’Reilly and the Cotters. However, the Cotters have made “ ‘no showing of any exceptional circumstance’ which would prevent [them] from obtaining other counsel” for financial or other reasons. Gorovitz v. Planning Bd. of Nantucket, 394 Mass. 246, 250 n.6 (1985) (quoting from judge’s order). They have therefore failed to show that the third exception to Mass.R.Prof.C. 3.7(a) should preclude Attorney O’Reilly’s disqualification.