NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-30

KERI LEE CONNOLLY ALDRED

vs.

STEPHEN JAMES ALDRED, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, wife, sued the defendant, her husband, in the Probate and Family Court, seeking separate support. Around six months after the plaintiff's initial complaint, the defendant filed a motion to disqualify the plaintiff's attorney from continuing to represent her in those proceedings. The Probate and Family Court judge granted the defendant's motion, seemingly on the ground that, because the plaintiff's attorney had previously represented the parties jointly in the defendant's adoption of the plaintiff's minor child, a conflict of interest in violation of Mass. R. Prof. C. 1.9 (a), as

amended, 490 Mass. 1305 (2022), existed.[1,2]  The plaintiff

appeals from that decision.  Concluding that the attorney should

not have been disqualified, we reverse.

Discussion.  "A lawyer who has formerly represented a

client in a matter shall not thereafter represent another person

in the same or a substantially related matter in which that

person's interests are materially adverse to the interests of

the former client unless the former client gives informed

consent, confirmed in writing."  Mass. R. Prof. C. 1.9 (a).

"Not every successive representation presents a conflict arising

from the representation of a former client."  Slade v. Ormsby,

69 Mass. App. Ct. 542, 546 (2007), citing Adoption of Erica, 426

Mass. 55, 61 (1997).

> "Under the substantial relationship test, the Supreme
> Judicial Court has set forth two criteria to test a claim
> that an attorney should be disqualified because of a
> conflict arising from the representation of a former
> client:  (1) the current representation must be adverse to
> the interests of the former client; and (2) the matters of
> the two representations must be substantially related"
> (quotations and citation omitted).

Slade, supra.

"A party generally enjoys the right to the counsel of his

or her choice, and courts should not lightly interrupt the

---

[1] The judge did not issue written findings.

[2] The plaintiff submitted uncontroverted affidavits from herself and her attorney asserting that the adoption proceedings were uncontested.  The record before us supports that claim.

2

relationship between a lawyer and [a] client" (quotations and citations omitted). Steinert v. Steinert, 73 Mass. App. Ct. 287, 288 (2008). "The burden . . . rests on the party seeking disqualification to establish the need to interfere with the relationship." Id. "Where, as here, it is opposing counsel who seeks disqualification, we must 'be alert that the Canons of Ethics are not brandished for tactical advantage.'" Id., quoting Serody v. Serody, 19 Mass. App. Ct. 411, 414 (1985). "When disqualification occurs after employment has begun, it temporarily (and possibly permanently) disables the litigant in [her] effort to prosecute a claim or mount a defense." Borman v. Borman, 378 Mass 775, 787 (1979).

"Under the present execution doctrine, a disqualification order, as we have here, is treated as a final judgment that is immediately appealable." Slade, 69 Mass. App. Ct. at 544, citing Borman, 378 Mass. at 780. "We review the disqualification order for an abuse of discretion." Steinert, 73 Mass. App. Ct. at 288. "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

3

In this instance, we conclude that the judge abused his discretion by granting the defendant's motion to disqualify.  In order to grant the motion, the judge was required to consider both branches of the substantial relationship test.  See Slade, 69 Mass. App. Ct. at 546.  It is a foregone conclusion that the first branch, inquiring whether "the current representation [is] adverse to the interests of the former client" was satisfied, as the parties oppose each other in the present case.  Id.  The judge was therefore required to turn to the second branch and consider whether the previous matter was "substantially related" to the present matter such that disqualification was appropriate.  Id.

Such an analysis is "intensely fact specific." Coke v. Equity Residential Props. Trust, 440 Mass. 511, 516 (2003). Here, however, there was no evidence offered in support of the motion.  The defendant did not file an affidavit or other documentary evidence, and, although a hearing was held, neither party nor any other witness testified.  The only support the defendant offered was a brief and conclusory statement by his attorney at the hearing that "there [are] some issues between [the defendant] and that particular child in this case, and so that . . . is going to be . . . extremely relevant as to parenting schedule, custody, in this case."  We are left to wonder, as was the judge below, what those issues could be, how

4

they could become relevant in the present case, or, indeed, what information plaintiff's counsel possessed about them. See Wessell v. Mink Brook Assocs., 87 Mass. App. Ct. 747, 752 (2015) ("For matters to be 'substantially related,' courts have consistently found that counsel must possess confidential information that could be used against the former client in the current representation"). The defendant did not provide an answer to those questions in any of his filings or in his statements before the judge.[3],[4] Indeed, counsel for the defendant went as far as to say that "[she] doesn't know what was communicated between the parties and their former counsel."[5] As "courts should not lightly interrupt the relationship between a lawyer and [a] client,"[6] (quotation and citation omitted), Steinert, 73 Mass. App. Ct. at 288, the defendant fell well short of meeting his burden of establishing the requirements

---

[3] The defendant did not submit a brief in opposition to this appeal.

[4] We note that the defendant never asserted that any communications between himself and the child were confidential. See Wessell, 87 Mass. App. Ct. at 752.

[5] Plaintiff's counsel, in his affidavit, asserted that "no confidential information or secrets were obtained by me in [the adoption] proceedings."

[6] The plaintiff stated in her affidavit that counsel had represented her in other matters and that she was satisfied with his representation and wished him to represent her in these proceedings as well.

5

necessary to disqualify the plaintiff's counsel.  Without more, we agree with the plaintiff that the judge abused his discretion by granting the scantly supported motion.[7,8]

Order disqualifying
  plaintiff's counsel
  reversed.

By the Court (Desmond, Shin &
  Singh, JJ.[9]),

*Anne M. Thomas*

Assistant Clerk

Entered:  June 13, 2024.

---

[7] We have said in a past case that "[i]t is not for this court to make the initial fact-finding inquiry into whether the disqualification order was proper," Slade, 69 Mass. App. Ct. at 547-548, and remanded the case for further findings.  In that case, the record contained considerably more evidence that suggested disqualification was possibly appropriate.  See id. at 543-544.  The defendant in this case has presented no evidence in support of his motion, and, accordingly, we consider that remedy unsuitable here.

[8] The plaintiff has requested appellate attorney's fees but provided no basis therefor.  Accordingly, we decline to order attorney's fees.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("The argument shall contain . . . the contentions of the appellant . . . and the reasons therefor").

[9] The panelists are listed in order of seniority.