NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1159

FUSS & O'NEILL, INC.

<u>vs</u>.

CANNABURG CULTIVATION COOPERATIVE LLC & others;[1] SEAN MORRISON, third-party defendant.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The third-party defendant, Sean Morrison, and defendant Cannaburg Cultivation Cooperative LLC (Cannaburg) (collectively, the appellants) appeal from a Superior Court judge's order disqualifying Attorney Katherine Bierwas (Attorney Bierwas) from representing either Morrison or Cannaburg in a dispute with Robert Bujold and 310 Broad Street II, LLC (310 Broad Street). The appellants claim that the judge abused her discretion in concluding that Attorney Bierwas had violated Massachusetts Rules of Professional Conduct 1.7's prohibition against the simultaneous representation of adverse parties.  We affirm.

---

[1] 310 Broad Street II, LLC, and Robert J. Bujold.

Background.  We summarize the relevant facts arising from a dispute between the two members of Cannaburg, Morrison and Bujold.  Bujold formed Cannaburg in 2018 as a Limited Liability Company ("LLC") and served as the sole member-manager.  In 2019, Bujold agreed to give Morrison a fifty-percent interest in Cannaburg in exchange for $100,000.

a.  The Fuss & O'Neill, Inc., action.  In September 2019, Morrison, on behalf of Cannaburg, executed a contract with Fuss & O'Neill, Inc., an architectural and engineering corporation to convert 310 Broad Street[2] into a cannabis cultivation facility for Cannaburg.  On May 11, 2020, Fuss & O'Neill, Inc., initiated the underlying suit, alleging that it performed the requested work, but Cannaburg committed a breach of its contractual obligations by failing to pay for the work.  The amended complaint asserted claims against Cannaburg, Bujold, and 310 Broad Street.  Bujold hired Attorney Christopher Ray to represent Cannaburg, 310 Broad Street, and Bujold himself.  In addition to filing an answer to the amended complaint, Cannaburg, 310 Broad Street, and Bujold asserted third-party impleader claims against Morrison including breach of contract, fraud in the inducement, right of contribution as defendants,

---

[2] Bujold is the sole owner of 310 Broad Street, and 310 Broad Street owns real property located at 310 Broad Street in Fitchburg.

breach of fiduciary duties to Bujold, and breach of fiduciary duties to Cannaburg.

Morrison, represented by Attorney Bierwas, filed an answer to the third-party complaint, including counterclaims by Morrison, in his individual capacity, against 310 Broad Street and Bujold, and cross claims by Cannaburg against 310 Broad Street and Bujold. These claims included a derivative claim asserted by Morrison on behalf of Cannaburg, alleging that Bujold breached his fiduciary duties to Cannaburg.

On December 3, 2020, Bujold and Morrison executed a "Standstill Agreement" giving Morrison control of Cannaburg. The standstill agreement provided, inter alia, that "Morrison is the sole voting member of Cannaburg, with sole authority to act on its behalf."[3] On June 10, 2022, the claims by Fuss & O'Neill, Inc., were dismissed by a "Stipulation of Voluntary Dismissal."

b. Ongoing dispute between Bujold and Morrison. The remaining dispute -- including the impleader action by Bujold, Cannaburg, and 310 Broad Street as third-party plaintiffs against Morrison, Morrison's counterclaims individually against Bujold and 310 Broad Street, and the crossclaims by Cannaburg

---

[3] Following the standstill agreement, Attorney Bierwas filed "Morrison's Surreply in Opposition to Bujold's Reply to His Emergency Motion to Disqualify Katherine Bierwas as Counsel" and "Opposition of Morrison and Cannaburg to Bujold's Emergency Motion to Disqualify Katherine Bierwas as Morrison and Cannaburg's Counsel" on behalf of both Morrison and Cannaburg.

3

against 310 Broad Street and Bujold -- was scheduled to begin trial on March 11, 2024.  On February 9, 2024, attorneys from Kenney & Sams filed appearances on behalf of Bujold and 310 Broad Street, and Attorney Ray withdrew his appearance for Bujold, 310 Broad Street, and Cannaburg.  The new attorneys moved to continue the March trial date.

On May 23, 2024, the first day of trial, Bujold and 310 Broad Street filed and served an "emergency motion to disqualify [Attorney] Bierwas as counsel to any defendant due to a non-waivable conflict of interest."  The motion alleged that Morrison and Cannaburg were both clients of Attorney Bierwas and that they had "directly adverse" interests in violation of Mass. R. Prof. C. 1.7(a)(1), as amended, 490 Mass. 1303 (2022).  Bujold and 310 Broad Street claimed that they had just obtained newly discovered evidence showing that Morrison breached his fiduciary duty to Cannaburg by pursuing a competing opportunity to grow and sell cannabis in Fitchburg.

c.  Hearing on disqualification.  On the same day that Attorney Bierwas was served the motion seeking to disqualify her, and after an opportunity to speak to her client, the judge required initial arguments from the parties but scheduled another date for further hearing.  The parties submitted briefs on the disqualification issue and on June 26, 2024, the judge heard further oral arguments from the parties but took no formal

4

evidence.  Neither party requested an evidentiary hearing.  On July 19, 2024, the judge allowed the motion to disqualify Attorney Bierwas.  The judge, in her comprehensive decision and order on Bujold's and 310 Broad Street's emergency motion to disqualify Attorney Bierwas, considered Morrison's position as a member-manager of Cannaburg and determined that the allegations of his breach of fiduciary duty were sufficient to render Morrison's interests directly adverse to the interests of Cannaburg.

On August 15, 2024, the appellants filed a notice of appeal, and on the same day filed an "Emergency Motion to Stay All Proceedings Pending the Outcome of the Appeal of the Order Disqualifying Morrison and Cannaburg's Counsel of Record."  On August 28, 2024, the judge issued a revised order staying the case pending appeal.  The only issue on appeal before us is the disqualification of Attorney Bierwas.

Discussion.  The appellants allege that the judge abused her discretion by failing to hold an evidentiary hearing before ruling on the motion to disqualify, and by failing to make evidence-based findings regarding "the nature of Cannaburg's interests or how the proceedings would be tainted by [her] continued participation."  The appellants further contend that there is no concurrent conflict of interest between Cannaburg and Morrison where the existence of the LLC is a mere formality,

5

and thus the order allowing the motion to disqualify must be vacated or reversed. The appellants lastly argue that the judge abused her discretion by failing to consider that disqualification was sought as an improper tactic. The arguments are unavailing.

"We review an order disqualifying counsel for abuse of discretion." Bryan Corp. v. Abrano, 474 Mass. 504, 509 (2016), citing Smaland Beach Ass'n v. Genova, 461 Mass. 214, 220 (2012). Our consideration of the motion is informed by the principle that courts "should not lightly interrupt the relationship between a lawyer and her client." Adoption of Erica, 426 Mass. 55, 58 (1997). Nonetheless, the right to representation of an attorney of one's choosing "is not absolute, and must, in some circumstances, yield to other considerations" (citation omitted). Bryan Corp., 474 Mass. at 509. We must also "be alert that the Canons of Ethics are not brandished for tactical advantage." Steinert v. Steinert, 73 Mass. App. Ct. 287, 288 (2008), quoting Serody v. Serody, 19 Mass. App. Ct. 411, 414 (1985).

a. Evidentiary hearing. The appellants first allege that the judge abused her discretion by disqualifying Attorney Bierwas without holding an evidentiary hearing. We disagree.

"Before a judge concludes that the representation of a [client] is 'adverse' to the interests of a former client . . .

6

the record must be clear that there is a substantial risk of material and adverse effect on the interests of the present or a former client." Adoption of Erica, 426 Mass. at 65. However, Rule 9A(c)(1) of the Rules of the Superior Court (2023) provides for a hearing on a motion only "[i]f the court believes that a hearing is necessary or helpful to a disposition of the motion." Rule 9A(c)(2) of the Rules of the Superior Court requires a party requesting a hearing to "set forth any statute or rule of court which, in the judgement of the submitting party, requires a hearing on the motion, as well as any reason why the court should hold a hearing."

Here, neither party requested an evidentiary hearing, nor are the material facts disputed. Indeed, it is uncontroverted that inter alia, Attorney Bierwas represented both Morrison and Cannaburg, that Morrison submitted an application for a special permit to operate a cannabis cultivation facility, and that Morrison is a member-manager of Cannaburg and owes the company fiduciary duties. Furthermore, the judge was familiar with the parties and their claims due to the filing of myriad motions and through pretrial proceedings. On this record, where the judge had extensive knowledge of the parties, issues, and necessary documentary evidence, there was no requirement to hold an evidentiary hearing. See Rule 9A(c)(2) of the Rules of the Superior Court. See also Adoption of Erica, 426 Mass. at 57-58

7

(no evidentiary hearing held, vacated on other grounds). Moreover, even on appeal, the appellants cite to no Massachusetts authority providing that an evidentiary hearing is required to disqualify an attorney. See Rule 9A(c)(2) of the Rules of the Superior Court. Thus, we discern no abuse of discretion.

b. Evidence-based findings. Next, the appellants claim that the judge was obligated to make formal evidence-based findings regarding the nature of Cannaburg's interests and how the proceedings would be tainted by Attorney Bierwas's participation in the proceedings. This claim is likewise unavailing.

"Charges of conflict of interest . . . warrant searching review before a disqualification order can be sustained." Adoption of Erica, 426 Mass. at 63. Although "the exact parameters of what is required have not been spelled out," it is clear that a judge must closely examine the interests of the potentially adverse clients and determine if the matters are substantially related. See Slade v. Ormsby, 69 Mass. App. Ct. 542, 546-547 & n.11 (2007).

Here, contrary to the appellants' assertions, the judge made rulings with detailed and extensive reasoning based on undisputed facts in her "Decision and Order on Defendants Robert J. Bujold's and 310 Broad Street II, LLC's Emergency Motion to

8

Disqualify Katherine Bierwas as Counsel." The judge noted that Cannaburg is a closely held LLC which imposes duties of loyalty and good faith on the member-managers. She recognized that in his capacity as manager of Cannaburg, Bujold asserted a claim based on Morrison's alleged breach of the fiduciary duty that Morrison owed to Cannaburg as a member and manager, and thus Morrison's interests were directly adverse to Cannaburg with respect to that claim. The judge further determined that the conflict was not waivable and that in light of the newly discovered evidence of Morrison's competing venture the claim involves serious charges of wrongdoing by those in control of the organization.

Finally, in her detailed decision and order, the judge evaluated how Attorney Bierwas's dual representation could taint the proceedings and considered the nature of Cannaburg's interests based on undisputed facts. Indeed, the decision and order shows that the judge made a "searching review" before disqualification. Adoption of Erica, 426 Mass. at 63-64. In short, the judge provided sufficiently detailed findings, which revealed a close examination of the parties' interests and a proper exercise of her discretion.

c. Concurrent conflict of interest. The appellants next argue that there is no concurrent conflict of interest between Cannaburg and Morrison where the existence of the LLC is a mere

9

formality, and thus the order allowing the motion to disqualify must be vacated or reversed.  We disagree.

The appellants claim that Cannaburg's interests are not directly adverse to Morrison's because Cannaburg is simply a nominal party with no independent interest in the outcome of the litigation distinct from Bujold's and Morrison's respective interests.  More specifically, the appellants assert that both Morrison and Bujold own a fifty-percent interest in Cannaburg, both asserted claims against each other in connection with the enterprise, and both have been in control of Cannaburg.  Thus, they contend, Cannaburg's interests are "in the realm of 'fictional' in the circumstances of this particular case."  For the reasons stated below, this argument is unpersuasive.

Without deciding whether Morrison did in fact breach his fiduciary duty, the allegations brought against him would constitute a breach of fiduciary duty owed to both Cannaburg and Bujold.[4]  Rule 1.7 prohibits a lawyer from representing a client if the representation is "directly adverse to another client." Mass. R. Prof. C. 1.7 (a) (1), as amended, 490 Mass. 1303

---

[4] The appellants initially argued that the manner in which each parties' claims were characterized, either direct or derivative, controlled the analysis, but they later acknowledged that the distinction is not controlling.  See Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, P.C., 405 Mass. 506, 511 (1989) (shareholder and corporation interests conflicting in derivative action).

10

(2022).  Representation is "directly adverse" within the meaning of rule 1.7 (a) (1) when a lawyer "act[s] as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated."  Mass. R. Prof. C. 1.7 comment 6 as amended, 490 Mass. 1303 (2022).  Where a client is a corporation, "the rules are clear that where a lawyer represents an organizational client his or her loyalty is owed to the organization, and not the constituents through whom the organization acts."  Bryan Corp., 474 Mass. at 512, citing Mass. R. Prof. C. 1.13 (f), as appearing in 450 Mass. 1301 (2008).  Indeed, an LLC, even when closely held, possesses interests distinct from those of its member-managers.  See Pointer v. Castellani, 455 Mass. 537, 557 (2009).  Moreover, directors owe fiduciary duties to the LLC and other managers. Accordingly, when allegations involve self-dealing, our case law is clear that the LLC has an interest distinct from the member-managers.  See Allison v. Eriksson, 479 Mass. 626, 636 (2018); Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 529 (1997) ("corporate directors and officers are bound by their duty of loyalty to subordinate their self-interests to the well being of the corporation").

Here, Bujold alleges that Morrison participated in self-dealing, failed to honor his financial obligations, and pursued business ventures in direct competition to Cannaburg.  In this

11

context, as the judge correctly noted, Cannaburg's interests are distinct from Bujold and Morrison's interests and directly adverse to Morrison's "with regard to the breach of fiduciary duty claim." The judge further noted that Morrison's alleged conduct of pursuing a competing opportunity placed his personal interests in direct competition with Cannaburg's. Finally, the judge noted that Rule 1.7 contemplates a lawyer's duty to the organization and the member-managers of that organization. In this light, Attorney Bierwas had a duty to Cannaburg the organization, which was superior to any duty to Morrison. See, e.g., Bryan Corp., 474 Mass. at 512, citing Mass. R. Prof. C. 1.13 (f), as appearing in 450 Mass. 1301 (2008) ("Indeed, the rules are clear that where a lawyer represents an organizational client his or her loyalty is owed to the organization, and not the constituents through whom the organization acts"). The judge then determined that the conflict is not waivable because Cannaburg and Morrison are on opposite sides of the third-party claim. Thus, by considering the relationships between the parties and how Attorney Bierwas's dual representation would taint the proceedings, the judge did not abuse her discretion.

Furthermore, there is a significant risk that Attorney Bierwas would be materially limited by her competing responsibilities to Morrison and Cannaburg. Rule 1.7 (a) (2) prohibits dual representation when "there is a significant risk

12

that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Mass. R. Prof. C. 1.7 (a) (2), as amended, 490 Mass. 1303 (2022). See Clair v. Clair, 464 Mass. 205, 215-216 (2013) (attorneys serving as counsel to corporation must act according to the interests of corporation); Mass. R. Prof. C. 1.13 comment 14, as amended, 490 Mass. 1306 (2022) ("if the [derivative] claim involves serious charges of wrongdoing by those in control of the organization, a conflict may arise between the lawyer's duty to the organization and the lawyer's relationship with the board").

Here, Attorney Bierwas has a duty to act in the interests of Cannaburg and ensure the directors are acting in the interests of the company, while she also has a competing interest in defending her client, Morrison, from claims that he was breaching his duties to Cannaburg. Thus, as the judge below points out, Attorney Bierwas's claim that Cannaburg has no viable action against Morrison is the very reason Rule 1.7 exists. The judge, in the decision and order, concluded that Attorney Bierwas, through her duty to Morrison, is (or would be) ignoring significant charges of potential harm to Cannaburg. Therefore, there is a "significant risk" that Attorney Bierwas's representation of Cannaburg will be "materially limited" by her

13

representation of Morrison because she has an interest in not pursuing a claim against her other client.  See Mass. R. Prof. C. 1.7 (a)(2), as amended, 490 Mass. 1303 (2022). Accordingly, the judge did not abuse her discretion when disqualifying Attorney Bierwas from representing both Cannaburg and Morrison.

d.  Tactical use of disqualification.  Finally, the appellants contend that the judge abused her discretion by failing to consider or address the possibility that the motion to disqualify was a tactical maneuver.  Because the judge did consider and dismissed this possibility, we disagree.

Where "it is opposing counsel who seeks disqualification, we must be alert that the Canons of Ethics are not brandished for tactical advantage" (quotation and citation omitted). Steinert, 73 Mass. App. Ct. at 288.  Judges have discretion to discourage disqualification when a party had ample notice of the conflict and delayed until the eve of trial to express their objection.  See Masiello v. Perini Corp., 394 Mass. 842, 850 (1985).

In this case, the judge considered and weighed the concern that Bujold's and 310 Broad Street's counsel filed their appearance late in the matter and that they had recently obtained new evidence suggesting that Morrison was directly competing with Cannaburg.  Furthermore, contrary to the

14

appellants' assertions, the judge did consider whether the move to disqualify Attorney Bierwas was tactical and determined that it was not.  In this regard, the judge ultimately ruled that "[g]iven the relatively recent appearance of counsel for Bujold and [310] Broad Street in the case and the late revelation of the extent of Morrison's allegedly competing business activities, the court concludes that the motion to disqualify [Attorney] Bierwas should not be denied because of its timing." Therefore, we cannot say that the judge abused her discretion.

<u>Order affirmed</u>.

By the Court (Meade, Neyman & Walsh, JJ.[5]),

Clerk

Entered:  January 8, 2026.

---

[5] The panelists are listed in order of seniority.