NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13375

COMMONWEALTH  vs.  BLAKE SCANLON.


January 18, 2024.


Supreme Judicial Court, Superintendence of inferior courts.
    District Attorney.  Attorney at Law, Disqualification.
    Constitutional Law, Separation of powers.


     The Commonwealth appeals from a judgment of a single justice of this court denying its petition pursuant to G. L. c. 211, § 3.  We affirm.

     Background.  In April 2019, a Hampden County grand jury indicted the defendant, Blake Scanlon, on one count of murder in the first degree, in violation of G. L. c. 265, § 1; and one count of assault and battery by means of a dangerous weapon, in violation of G. L. c. 265, § 15A (b).  Two years later, in April 2021, a Hampshire County grand jury indicted Scanlon on one count of solicitation to commit witness intimidation and two counts of solicitation to commit murder, all in violation of G. L. c. 274, § 8.  The victim of one of the counts of solicitation to commit murder in the Hampshire County case is the prosecutor in the Hampden County case, Matthew Green.  On the basis that, through certain of his own actions, Green made himself a potential witness at trial, Scanlon filed a motion to disqualify him, as well as the whole of the district attorney's office for the Hampden district, from prosecuting the Hampden

County indictment, and to instead appoint a special prosecutor.[1,2]

After a hearing, a judge in the Superior Court allowed Scanlon's motion to the extent that it sought to disqualify Green, but she denied it to the extent that it sought to disqualify the entire office of the Hampden district attorney.[3] The Commonwealth thereafter filed a petition pursuant to G. L. c. 211, § 3, arguing that the judge abused her discretion in disqualifying Green. A single justice denied the petition on the basis that the disqualification order did not constitute an abuse of discretion. The Commonwealth appeals.

Scanlon's motion to disqualify Green stems from Green's involvement with Christopher Fiorentino, a so-called jailhouse informant, who was incarcerated with Scanlon at the Hampshire County house of correction. Fiorentino told State police investigators that Scanlon had made statements and admissions about the murder, and that Scanlon had tried to engage Fiorentino in a murder-for-hire plot targeting both Green and several Commonwealth witnesses. The Commonwealth and Fiorentino entered into an agreement providing that in exchange for

---

[1] Pursuant to Mass. R. Prof. C. 3.7, as appearing in 471 Mass. 1434 (2015):

"A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

"(1) the testimony relates to an uncontested issue;

"(2) the testimony relates to the nature and value of legal services rendered in the case; or

"(3) disqualification of the lawyer would work substantial hardship on the client."

[2] Although the defendant initially appeared to indicate that the basis for the disqualification motion was that the prosecutor was the victim of one of the counts of solicitation to commit murder, he later clarified that this was not the basis for the motion.

[3] The judge subsequently denied the Commonwealth's motion for reconsideration, in a written decision after a second hearing, and then issued yet another (third) written decision, on the Commonwealth's second motion for reconsideration.

Fiorentino's cooperation with the Hampden district attorney's office regarding the investigation and prosecution of Scanlon, the Commonwealth would take Fiorentino's cooperation into consideration in two contexts: (1) in resolving his pending criminal matters within the Hampden district attorney's office; and (2) to "assist and inform" the Worcester district attorney's office regarding the resolution of his pending probation violation in that county. The agreement was signed by Green.

In the course of upholding the cooperation agreement, Green appeared in court in Worcester County as least twice to, in Green's own words, "advocate[]" for a lower sentence for Fiorentino in connection with his probation violation in that county.[4] Green also advocated on Fiorentino's behalf several times when Fiorentino sought modifications of certain conditions of release that would apply once he becomes eligible for release.

These actions are what makes Green a potential witness at Scanlon's murder trial. The Commonwealth has indicated that it intends to call Fiorentino as a witness. If Fiorentino testifies in conflict with any of the disclosures made by Green regarding the cooperation agreement and Green's role in securing lesser penalties for Fiorentino, Green may be called to testify. Even if that does not happen -- that is, even if Fiorentino's testimony is in line with what Green disclosed -- Scanlon has indicated that he intends to deny the conversations with Fiorentino and to vigorously cross-examine Fiorentino so as to call Fiorentino's credibility into question and show bias in favor of the Commonwealth. Either way, it seems likely that the details of Green's involvement in Fiorentino's cooperation with the Commonwealth will come to light at trial.

Discussion. Disqualification of counsel is not a measure to be taken lightly. See, e.g., Adoption of Erica, 426 Mass. 55, 58 (1997). In considering whether to disqualify counsel, a judge "must closely scrutinize the facts before [him or her] to determine whether a lawyer's 'continued participation as counsel taints the legal system.'" Smaland Beach Ass'n, Inc. v. Genova,

---

[4] In connection with Fiorentino's probation violation in Worcester County, the Worcester district attorney's office initially requested a longer sentence; Green persuaded them to agree to a lower recommendation, which the judge ultimately imposed, over the objection of the probation department. Green also agreed to reduce Fiorentino's bail on a pending matter in Hampden County.

461 Mass. 214, 224-225 (2012), quoting Borman v. Borman, 378 Mass. 775, 788 (1979). See also, e.g., Slade v. Ormsby, 69 Mass. App. Ct. 542, 546 (2007) (motions to disqualify are, by their nature, intensely fact specific, and charges of conflict of interest warrant searching review before ordering disqualification). There is no question that the judge did that here, that she engaged in the requisite analysis and gave due consideration to the facts and circumstances of this case, as evidenced by the multiple hearings and her three written decisions.

Pursuant to Mass. R. Prof. C. 3.7 (a), as appearing in 471 Mass. 1434 (2015), a lawyer "shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." See note 1, supra. The Commonwealth argues that the judge erred in disqualifying Green on the basis that he is only a "potential" witness and not inevitably "likely to be a necessary witness." Moreover, the Commonwealth argues, even if Green were a necessary witness, there are other means by which information within Green's personal knowledge could be elicited at trial, i.e., other witnesses who could testify to the same information or certain facts to which the Commonwealth would stipulate, obviating the need for some witness testimony. See Smaland Beach Ass'n, Inc., 461 Mass. at 221 ("judges . . . should consider whether the information sought from the attorney-witness can be presented in a different manner").

It is not, however, clear that this is so, and indeed, Scanlon argues that there is certain information that is not otherwise obtainable if not from Green himself, due in part to the degree to which Green inserted himself into Fiorentino's cases. To the extent that the Commonwealth suggests that Scanlon is using Green's role as a potential witness to "tactical advantage" and "as a weapon to maneuver [opposing counsel's] withdrawal," see id., we find no merit to this argument. Although a cooperation agreement between the Commonwealth and one of its witnesses, and the revelation of such an agreement at trial, is by no means extraordinary, the level of Green's involvement with Fiorentino was extensive, and Scanlon's concerns are well founded. The judge, in short, did not err in concluding that precluding Scanlon from calling Green as a witness was not a viable option in the circumstances.

The Commonwealth also argues that the judge's disqualification of Green raises separation of powers concerns, and violates art. 30 of the Massachusetts Declaration of Rights, because it constitutes improper judicial interference in an

executive branch decision, i.e., the district attorney's discretion to choose the prosecutor. See, e.g., Commonwealth v. Cheney, 440 Mass. 568, 574 (2003), and cases cited (judicial review of decisions within executive discretion of prosecutor constitutes "intolerable interference by the judiciary in the executive department" and violates art. 30 [citation omitted]). The argument is not persuasive. The judge's decision was not baseless -- she did not arbitrarily or with no reason disqualify a prosecutor, and she only disqualified Green, not the entire office as Scanlon had requested. Additionally, this is not a case of a judicial ruling that bears on whether to prosecute. See, e.g., Commonwealth v. Rosa, 491 Mass. 369, 372 (2023), and cases cited (decision to proceed with prosecution lies exclusively with executive branch). In short, the judge's decision does not amount to an "intolerable interference by the judiciary" in the executive branch. This is simply a case where a judge made a discretionary decision, based on the particular circumstances of the case, to disqualify an attorney who may well be a witness at trial.

Conclusion. The single justice did not err or abuse his discretion in affirming the trial court judge's decision and in denying relief under G. L. c. 211, § 3.[5]

Judgment affirmed.


Lee Baker, Assistant District Attorney, for the Commonwealth.
Marissa Elkins for the defendant.

---

[5] The judge's decision to allow the motion to disqualify Green was based in part on the appearance of impropriety. Our decision is not based on that issue -- and we express no view on that issue -- but rather on the level to which Green was engaged with Fiorentino's cases and circumstances.